Hitchcock, C. J.
Little more is necessary in deciding this case than to give the facts connected with it as they appear on record. The original bill was filed on the 28th day of February, 1844, by Lowen R. Cooch, one of the defendants in the present case, Thomas W. Cooch, one of the present complainants, Abraham S. Darr and Eliza Darr, his wife, and Daniel Mclntire and Sarah Ann Mclntire, his wife. In that bill the complain *147 ants represented themselves to be the heirs of Thomas Cooch, deceased. They further represented that the said Thomas Cooch died seized of real and personal property in the county of Butler, and that he left a last will and testament, which had been proved in the court of common pleas of said county, and letters of administration with the will annexed had been granted to one John Irwin, who had taken upon himself the trust of administering, etc.
The object of the bill was to contest the validity of this will for reasons therein assigned, under the provisions of the statute in such case made and provided.
John Irwin, the administrator, Isabella Cooch, the widow, and Wm. P. Cooch,'one of the heirs of Thomas Cooch, deceased, were made defendants.
Answers were subsequently filed by the defendants, and an issue was made up between the parties, presenting the question whether the paper writing purporting to be the last will and testament of said Thomas Cooch was in truth and in fact his true last will, etc.
At the February term, 1845, of the court of common pleas of Butler county, this issue was submitted to a jury, according to the statute, and the jury found that the said paper writing was the last will and testament of the said Thomas Cooch, deceased, whereupon the court decreed accordingly. From this decree an appeal was taken to the supreme court.
During the pendency of the case in the supreme court, Eliza Darr, one of the complainants, died, and her heirs were made complainants, the adults in their own right, and the infants by their next friend.
At the May term, 1847, of the supreme court, a final decree was entered, which appears upon its face to have been made by and with the consent and agreement of all the parties in interest before the court. In the decree reference is had to two written agreements assenting to a decree, and these agree ments by reference are made part of the decree, and ordered to be recorded in the record of the case. The decree is of great *148 length, and purports to settle matters and things which under the pleadings did not belong to the case. Amongst other things, the decree sets aside the will, and distributes or disposes of the property of the testator according to the terms and provisions of the aforesaid agreements.
To reverse the decree so as aforesaid rendered, this bill of review is prosecuted.
The first.error assigned is, that Eliza Darr, one of the origi nal complainants, died during the pendency of the suit, ano that certain of her heirs, living in the State of Iowa, had no notice of the pendency of the suit, and that they did not ap pear by guardian or otherwise.
As to this error, it is sufficient to say that the record shows that the heirs of the said Eliza Darr are not defendants requiring notice, but are complainants, and were made complainants upon notice to the court, the adults in their own proper persons, and the infants by their next friend and guardian. Besides, none of the heirs of Eliza Darr are complaining of being injured by the decree. The complainants in review are Thomas W. Cooch, William P. Cooch, and Isabella Cooch. It will be soon enough to determine whether the heirs of Eliza Darr are bound by this decree, when they attempt to impeach it, or claim to have been injured by it.
The second error assigned is, that the complainants entered into the agreement'made part of the record and decree, under a mistaken apprehension that Lowen R. Cooch, who acted for the heirs of Eliza Darr, had power so to act, and without the knowledge of the death of Christiana Rolf, one of the children of Eliza Darr, and that these misapprehensions were induced by the false representation of the said Lowen R. Cooch.
This assignment admits the execution of one of the written agreements upon which the decree was based, but seeks to avoid it on the ground of fraud. I apprehend that fraud practiced in procuring a decree, does not lay the foundation for a bill of review. In such case the party injured must resort to an original bill to impeach and avoid the decree for the fraud. And if up *149 on the hearing, the fraud can be proved, the decree may be set aside. This question, however, cannot be well tried on a bill of review. Possibly it might be reached where it was sought to review the former.decree for newly discovered evidence. The bill in the present case does not allege any newly discovered evidence, nor was it filed by leave of the court.
There is, however, another objection to this assignment of error. True, the agreement therein referred to was signed by Lowen R. Cooch for a part of'the heirs of Eliza Darr. It bears date the 4th day of May, 1846. Subsequently the heirs of said Eliza Darr were made parties complainant, and by agreement, dated the 7th of April, 1847, the infant heirs of said Eliza, by their -guardian, expressly assent to a decree to be entered according to the agreement signed by the complainants, and bearing date as aforesaid on the 4th day of May, 1846.
The third assignment of error is, that the decree purports to have been made by consent, whereas the complainants never did consent, except by signing the agreement of 4th May, 1846, which they afterwards retracted, and resisted the decree at the hearing.
This assignment impeaches the correctness of the record, denies that to be true which is asserted to be true in the decree. The court find that there are such agreements as set forth in the record ; they further find that the parties consent to a decree, and decree accordingly. A party to a decree might, under a bill properly framed, invalidate the finding of the court, by the introduction of newly discovered testimony. But as before remarked, this is not a bill of that character. Besides there is not one scintilla of evidence in the case to invalidate the finding of the court. Everything conduces to sustain that finding, except the single allegation of the complainants, in this assignment of error..
The following additional errors-are assigned, which may be considered together: ■**
1. That the decree setting aside a will approved by the court *150 of probate and by tbe verdict of a jury, is a fraud upon the rights of the testator.
5. That the court had no jurisdiction to set aside or annul said will, until a jury had found that it was not the last will and testament of the testator.
6. Said decree proposes incidentally, to pass the title to lana from the devisee, where it had vested by the probate of the will, to the heir, by compelling specific performance, which is a matter entirely foreign to the object of the bill.
7. The decree goes beyond the object of the bill, and orders the distribution of property not known in the controversy.
8. Said decree in effect, by agreement of the parties, destroys the title paper, while the title remains in the devisees.
There can be no doubt that the decree in the original case is erroneous, unless the error is done away by the consent of all the parties. The object of the original bill was to try the validity of the will of Thomas Cooch, deceased. The mode of trial is pointed out by statute. The question must be settled by a jury, and without the verdict of a jury against the will, the court, in the ordinary course of practice, must sustain it. The decree in the case under consideration, certainly assumes to settle various matters no way connected with the particular cause in litigation. In this respect it is erroneous, unless consent of parties takes away the error. Had this bill of review been filed by a party in interest,’ who had not assented to the decree, that decree must have been reversed.
It is a grave question, whether a court can, with propriety, set aside a will without the intervention of a jury, even when all the parties interested agree to it. It ought not to be done, at any rate, but with the utmost caution. It cannot be done unless all intei’ested, let the interest be near or remote, direct or indirect, agree to have it done. As a general rule, if not an invariable one, when the case is before the court on a bill contesting the will, it is better that the case should go to a jury. This is the course provided by law. If the parties interested are anxious *151 to compromise or settle the controversy, they can do it without the aid or assistance of a court.
The decree in the case under consideration, was, as before stated, erroneous, and would be so considered, if brought before this court by any person in interest, who had not assented to it. How is it with these complainants ? It appears from the decree itself, that they assented to it — that it was, in effect, made at their request. It not only appears from the body of the decree, but it also appears from an instrument of writing, by them signed, which is referred to in the decree, and recorded as a part thereof, that they assented to it. And there is nothing in the case to show that this assent was ever withdrawn. If the decree is to them injurious, that injury is in consequence of their own conduct. The court would never have entered the decree complained of, except by the common consent of the parties in interest.
Under these circumstances, the complainants are not in a situation that they can come into court to have a review of this decree, and their bill must be dismissed with costs.