THE STATE *ex rel.* DIXON V. GIVAN.

**Practice**: REMANDING WITH SPECIAL DIRECTIONS : COSTS. When a case has been remanded by this court with directions to the trial court to enter judgment against the plaintiff, his right to dismiss upon payment of costs is at an end ; and if he obtains a dismissal in vacation it will be the duty of the trial court to re-instate the case upon the docket and enter the judgment as ordered.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

This was a proceeding by mandamus against the Hon. N. M. Givan, judge of the circuit court of Cass county, to compel him to re-instate the case of *Atkison v. Dixon*

on the docket of his court, and to proceed therein as previously commanded by this court. The facts appear in the opinion.

*A. Henry* for relator.

*Waldo P. Johnson* and *E. J. Smith* for respondent.

SHERWOOD, C. J.—Whatever right in ordinary circumstances a plaintiff might have under the provisions of section 3724, to dismiss his suit in vacation on the payment of all costs, manifestly he would possess no such right in the present instance. That section, comprehensive though it may be, was never designed to enable a plaintiff to evade or balk the mandates of this court. When the case of *Atkison v. Dixon* was here on appeal, (70 Mo. 381,) we regarded the evidence as having amply established the equitable right of Mrs. Dixon to the land; and such right was necessarily contested and drawn in question in that suit of plaintiff to eject her husband; and so we reversed the judgment and ordered one to be entered in accordance with that opinion ; but upon suggestion being made that the wife had never been made a party, we so far changed our opinion as to require her first to be made a party before a decree should be entered. This is the effect of the opinion, although the idea intended to be conveyed thereby is somewhat lacking in clearness. If the plaintiff had desired the privilege of re-opening the controversy ; if he had new and independent rights to assert against Mrs. Dixon, rights never before litigated, he should by timely application have requested a modification of our opinion and mandate so as to have secured the desired privilege. This is the view we took of such matters in *Chouteau v. Allen*, 74 Mo. 56. But whether plaintiff under our ruling was entitled to a new trial of his cause or not, it was out of his power to obstruct the judgment and mandate of this court by resorting to the device of an attempted dis-

missal of his suit. This court would be frequently shorn of its lawful and customary authority, if a plaintiff successtul in the lower court, and unsuccessful here, could thus defeat our legitimate commands. We, therefore, award a peremptory writ commanding the trial court to re-instate the cause of *Atkison v. Dixon,* and when re-instated to enter a decree in her favor as heretofore ordered. All concur.