HENRY, *Appellant*, v. WOODS.

**Judgment,** AS RES ADJUDICATA.   A stranger to a judgment cannot avail himself thereof by a plea of *res adjudicata*, nor as evidence upon the trial, in a suit between him and one of the parties thereto.   Compare *St. Louis Mut. L. Ins. Co. v. Cravens,* 69 Mo. 72.

CASE ADJUDGED.   In an action to recover various sums as for money loaned by plaintiff to defendant, the answer alleged the loan of a larger amount by defendant to plaintiff, and that the moneys claimed by plaintiff were in fact payments by him upon the loan, leaving a balance still due and unpaid to the defendant, and that such had been found to be the fact in a suit brought by a third party against the plaintiff and his wife to compel plaintiff to pay such loan, for which the third party had become liable by note to defendant at plaintiff's request and upon his agreement to pay the same, and that in this suit it had been adjudged that plaintiff should pay to defendant such unpaid balance.   *Held,* that defendant, being a stranger to the proceedings in which said judgment was given, could not use it either as a bar or as evidence upon the trial in such action.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Smith & Shirk* for appellant.

*J. P. Orr* and *John J. Cockrell* for respondent.

PHILIPS, C.—This is an action of assumpsit instituted by appellant to recover various sums of money alleged to have been loaned and advanced by him to defendant in 1873 and 1874.

The answer, after interposing a general denial, pleaded that in 1871 defendant loaned plaintiff $1,500, and plaintiff had defendant to take as and for the same one note of plaintiff's brother, L. H. Henry, for $1,000, secured by deed of trust on real estate, in which W. C. Marlett was trustee, and one note of $500 secured by chattel mortgage, but it was plaintiff's debt and he promised to pay it; that

plaintiff made several payments on said debt and had paid all of said $500 note, and part of the other, and in February, 1874, plaintiff and defendant had a settlement and there was then due $962 on said $1,000 note; that the money claimed in the petition is in fact the money so paid by plaintiff on said debt; that plaintiff, failing to pay said balance, said L. H. Henry, on May 27th, 1875, brought suit in equity in Johnson county circuit court against plaintiff and his wife, to compel plaintiff specifically to perform his said contract and pay said note, and on trial of said cause at November term, 1877, got judgment, adjudging that plaintiff should pay said debt; that in the trial of that cause the several claims set out in the petition in this case were litigated and allowed as payments on said notes, and there was still found to be due $1,250, which plaintiff was ordered to pay by the term when this answer was filed, June, 1877; and said judgment is still in full force.

The reply denies all new matter in the answer; also says the alleged suit of L. H. Henry against plaintiff and wife was not between parties or privies to this suit, and that the matters here in suit, were not and could not be determined in that suit, and the judgment in that action does not conclude plaintiff in this case and is no evidence of any fact herein; and prays judgment as in his petition.

On the trial by the court without a jury, plaintiff's evidence tended to show that he loaned defendant the money sued for and he refused to pay it. Defendant's evidence tended to show that plaintiff obtained a loan of $1,500 of defendant, and got his brother to give the notes of $1,000 and $500 for it, and the money sued for was paid by plaintiff on that debt. Defendant put in evidence, against plaintiff's objections, the said two notes and mortgages securing the same. In support of the plea of former recovery he introduced the pleadings and record in the suit of L. H. Henry against John A. Henry and wife; petition filed in 1875. On the issues made up in that case

the court found for L. H. Henry. To the admission of this record in evidence, appellant objected and excepted.

The petition in the case between the two Henrys stated that L. II. executed his note and mortgage to D. Woods for $1,000, and had dealings with J. Henry, and that in April, 1874, they had a settlement, finding that L. H. owed J. H. $1,500; they then owned in common certain lands in which L. H. sold his interest to J. H. and conveyed same to J. H. and wife; in consideration of which J. H. cancelled the $1,500 and agreed to pay the $1,000 note to Woods; which last named note he failed and refused to pay. The prayer of this petition was for specific performance and to have a lien for said $1,000 declared on the half interest in said land so conveyed to J. Henry's wife.

The answer, in terms, was a general denial to this petition. It then alleged that from 1863 to April, 1874, L. H. was largely indebted to J. H. for money loaned and paid at his request, and set out the items " none of which (so the abstract of the record states) had any reference to the matters involved in this suit." There was, however, this item: "April 15th, 1871, by cash paid from D. Woods $1,500." The balance claimed by J. H in his said account was $6,182. The answer in said action of L. H. against J. H. and wife, alleged that L. H. was insolvent, and his wife paid $2,000 of said debt; that L. H. then proposed that if J. H.'s wife would pay back said $2,000 and J. H. would cancel his claim against him, he would convey to J. H.'s wife his interest in said land so held by them in common, which offer it was alleged they accepted, and paid back said $2,000, and cancelled said debt, and received the deed conveying said interest to Mary A. Henry. The reply was a general denial in effect.

The judgment in that case finds that J. H. obtained $1,500 of Woods, and got plaintiff, L. H., to give his note and deed of trust for $1,000 of it, J. H. agreeing to pay it; that plaintiff traded the land covered by deed of trust to one Levi Hyer for other land, taken in the joint name

of plaintiff and defendant, and defendant agreed to pay the note and discharge the deed of trust; that subsequently, on 1st of March, 1874, plaintiff and defendant had a full settlement, and plaintiff sold defendant, and conveyed to defendant's wife, his one-half of the land, and defendant again agreed to pay that note and deed of trust. "And the court doth further find, that defendant, J. H., had from time to time paid and discharged of the principal and interest and reduced said note, and that there remained due and unpaid thereof at the date of that settlement, $962, which amount, with interest thereon, is yet due and unpaid, amounting to $1,250." The judgment is for $1,250 to be levied of the goods, etc., of J. H., and if not enough, then of the land conveyed to Mary W., wife of J. H.

Appellant and respondent introduced parol evidence, the one tending to prove, the other to disprove, the identity of the $1,500 and other items in the two cases.

The court gave an instruction declaring that if the matters involved in the case of L. H. Henry against J. A. Henry and wife were the same as those involved in the present action, the plaintiff could not recover, and, refusing to consider any other question, found in its judgment that the matters in this action were *res judicata* and dismissed plaintiff's action. The controlling question, therefore, presented by the record is: Did the adjudication between L. H. Henry and J. A. Henry and wife preclude the latter from maintaining this action against Woods, who was a stranger to that adjudication?

The fundamental rule on this subject is, that a matter once adjudicated, by a court of competent jurisdiction, may be invoked as an estoppel in any collateral suit, in any court of law or equity, or in admiralty, when the same parties or their privies, or one of the parties and the privy or privies of the other allege anything contradictory to it. And those who assume a right to control or actively participate in the trial or its management, though not formal parties, will be concluded. *Stoddard v. Thompson*, 31 Iowa

80; *Strong v. Phoenix Ins. Co.*, 62 Mo. 289; *Wood v. Ensel*, 63 Mo. 193. The action, however, must be between the same parties as those in the former suit, or their privies. Parties are " all persons having a right to control the proceedings, to make defense, to adduce or examine witnesses, and to appeal from the decision, if an appeal lies." 1 Greenleaf Ev., § 535. Privies are those who have mutual or successive relationship to the same right of property or subject matter, such as " personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors or purchasers from them with notice of the facts." Greenleaf Ev., § 189; Story Eq., § 165.; *Haley v· Bagley*, 37 Mo. 364.

Manifestly the parties to the two suits in question are not the same. Woods was a stranger to the first. As to him it was clearly *res inter alios acta*. He certainly had no right to control the proceeding, or to intermeddle in it, or appeal from any decision that might have been made in it. What privity is there between him and L. H. Henry? He is not a privy in law nor in blood. Is he a privy in estate? What mutual or successive relationship to the rights of property involved in that contention have devolved upon him? No one is a privy to a judgment whose succession to the rights of property thereby affected occurred previous to the institution of the suit. Freeman Judg., § 162. Whatever rights or interests he had acquired or relation he sustained to the subject matter of that litigation, accrued and were fixed prior thereto. There is no pretense of any newly acquired right by contract, purchase, descent or other succession since that litigation.

Is it sufficient alone that Jno. A. Henry, the plaintiff here, and defendant there, is a party to both suits? *Res inter alios acta, alios nec prodest nec nocet.* A transaction between other parties neither benefits nor injures those not interested. No person, say the courts and the text-books, " can bind another by any adjudication, who was not himself exposed to the peril of being bound in a like manner,

had the judgment resulted the other way." Freeman Judg., § 154. In *Redmond v. Coffin*, 2 Dev.Eq. (N. C.) 443, Ruffin, J., says: "A decree in favor of one party cannot protect another who was not a party, unless he be a privy. And a stranger thus introduced cannot use the decree at all as such, because it cannot be used against him." Estoppels must be mutual. Suppose that in the equity suit of L. H. Henry against J. A. Henry and wife, the bill had, on hearing, been dismissed because the chancellor found the issues for the defendants, could J. A. Henry in this suit against Woods, a stranger to that litigation, plead it as an estoppel on Woods? Clearly not. Then if that decree could not be used against him by J. A. Henry, he cannot' use it against Henry. If he can, what becomes of the doctrine of mutuality in estoppels? *Hempstead v. Easton*, 33 Mo. 142; *Simpson v. Jones*, 2 Snead 30.

In *McCrory v. Parks*, 18 Ohio St. 148, the court holds that although the plaintiff and defendant were co-defendants in the suit invoked as an estoppel, that did not conclude them. "These parties," say the court, "were not adversary parties in that case, nor were their respective rights against each other in controversy." In *Butterick v. Holden*, 8 Cush. 233, it was held that where H. contracted to sell land to A., and afterward in wrong of A. conveyed it to B., that although A. had sued H. and B. in equity for specific performance and failed, yet this judgment was no bar to an action in favor of A. against H. for a breach of his contract. In the equity suit the whole subject matter of the contract, the consideration and breach thereof were gone into and examined, and the court dismissed the bill. Shaw, C. J., said it was a suit between others. "A judgment for the defendant in that suit does not tend to negative defendants' breach of contract, on which this action at law is brought." This doctrine is tersely expressed in some of the older cases in an axiomatic form: "Nobody can take benefit by a verdict that had not been prejudiced by it had it gone contrary." Freeman on Judg., § 159.

The case of *State to use of Hempstead v. Coste*, 36 Mo. 437, relied on by respondent, does not sustain his position. It is no support for the ruling of the circuit court in this case. The plaintiff there first sued the administrator of the estate, and judgment was entered in favor of the administrator. The plaintiff thereupon sued the sureties on the administration bond "for what this (Supreme) court has heretofore determined the administrator was not liable." The cause of action was identical in the two cases. The court held the judgment in the suit against the administrator a bar to the action against his sureties. The ruling was correct. It is well settled that a judgment against an administrator binds his sureties; and the rule must apply conversely. But on what principle do these decisions rest? It is on the fact that such persons are in privity, privies in estate, with a succession of right and a devolution of responsibility, like that of trustee and *cestui que trust*, master and servant, principal and surety. Freeman on Judg., §§ 174, 179, 181.

It is not unimportant too to observe that the suit invoked as an estoppel was not only by a plaintiff not a party to the present, but was one against J. A. Henry and wife, the latter not being a party to the pending action. The ultimate object of the action of L. Henry was to reach lands held independently by her, and to enforce a vendor's lien thereon; which the decree in that case did direct.

The circuit court erred in holding that the judgment in the case of Henry against Henry and wife created an estoppel in the present suit. The judgment is, therefore, reversed and the cause is remanded with directions to the circuit court to proceed with the case conformably to this opinion. The other commissioners concur.