VINCENT CONNOR, Appellant, v. W. S. POPE, Respondent.

Kansas City Court of Appeals, November 22, 1886.

PRACTICE—APPELLATE COURTS—EFFECT OF REVERSING AND REMANDING.—Where a cause is reversed and remanded by the appellate court, with directions as to the further proceedings of the trial court, "it is out of the power of the lower court to open the cause and have a new trial." *Chouteau v. Allen*, 74 Mo. 56. It must, and can only, proceed to carry into execution the mandate of the superior court.

APPEAL from Miller Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

G. T. WHITE, with MOORE & WILLIAMS, for the appellant.

I. We had the right. to make the showing which was made as to the return of the officer. It comes under the head of what is termed a writ of *error coram nobis.* *Foney v. State*, 11 Mo. 85; *Callaway v. Nefering*, 1 Mo. 223; *Conway v. Ferry*, 26 Kansas, 472; *Powell v. Gott*, 13 Mo. 460; *Pickett v. Legwood*, 7 Peters (U. S.) 140; *Ex parte James Roy*, 57 Mo. 231; *Nelson v. Brown*, 23 Mo. 20; 2 Tidd's Pract. 1056; 3 Pomeroy's Equity, sect 1365; *Phelan v. Engelmann*, 86 Mo. 551; *Davis v. Harper*, 6 Ohio, 573.

EDWIN SILVER and W. S. POPE for the respondent

I. Where the supreme court remands a case with special directions as to the judgment to be entered, the lower court has no power in the premises, but to enter judgment in accordance with the mandate; all other

steps are *coram non judice*, and void. *State ex rel. Dixon v. Givan*, 75 Mo. 517 ; *Chouteau v. Allen*, 74 Mo. 56. This court occupies the same position, in the premises, as the supreme court would. Laws of Mo. (1885) p. 115, sect. 7.

II. The lower court should have discharged the garnishee in the first instance, and of its own motion. This is not a case for writ of *error coram nobis*, but an attempted amendment of a sheriff's return. That court *without authority* permitted the amendment of the sheriff's return. Appellant has nothing to complain of and the judgment discharging the garnishee should be affirmed.

PHILIPS, P. J.—This case was once before in this court on appeal, and is reported in 18 Mo. App. 86. From that opinion it will appear that the garnishment proceeding failed because the sheriff's return did not show that the proper service of notice was made on the garnishee to give the court jurisdiction over the subject matter, to authorize the judgment of the circuit court against the garnishee.

For this error the judgment was reversed and the cause remanded, with special directions to the trial court to enter judgment discharging the garnishee. This judgment this court might have entered up here. (Rev. Stat., sect. 3776.) But as the garnishee is entitled on his discharge, in such instance, to have his costs and attorney's fee for answering and appearing taxed, we remand such cases to the trial court, which is better qualified to make such assessment than this court.

On the return of the mandate from this court the garnishee asked the circuit court to enter judgment conformably therewith. The plaintiff now contends, in his *statement*, that the sheriff's return in fact did make the proper service on the garnishee, but that the original papers in the case were lost, and on order of the trial court they were supplied, and so came to this court.

with the necessary fact of proper service omitted from the record. So when the garnishee asked the court to enter the judgment as directed by this court the plaintiff filed motion therein suggesting the foregoing fact, and asking the court to allow the sheriff to make an amended return showing the proper service, and then to proceed to re-try the case *de novo*. The plaintiff's statement alleges that the court so far sustained such motion as to allow the amended return to be made, but refused to proceed further, and entered up judgment discharging the garnishee. The abstract of record filed herein by plaintiff, fails to contain, or set out such alleged amended return of the sheriff. Under the rules of this court, and its repeated decisions, we cannot recognize such facts as contained in the record when not furnished with an abstract thereof. The statement is not the abstract of the record. From the judgment of the circuit court the plaintiff prosecutes this appeal.

It would be a remarkable ruling on the part of this court, after reversing the judgment and remanding the case with special directions to the lower court to enter a particular judgment, to again reverse that court for doing precisely what we directed it to do.

Where a cause is reversed and remanded by the appellate court, with directions as to the further proceedings of the trial court, "it is out of the power of the lower court to open the cause and have a new trial." *Chouteau v. Allen*, 74 Mo 56. It must, and can only, proceed to carry into execution the mandate of the superior court. *State ex rel. Dixon v. Givan*, 75 Mo. 516. Any other rule would break down all authority of and respect for the appellate courts. As said by Sherwood, J., *supra:* "This court would frequently be shorn of its lawful and customary authority, if a plaintiff, successful in the lower court, and unsuccessful here, could thus defeat our legitimate demands."

Counsel for appellant cite cases from Illinois to support their contention. We find no authority in the

decisions of that court giving any countenance to such a proceeding as was attempted by plaintiff in this case. Reference is made, for instance, to a case reported in 29 Ill. 202-3.

We find nothing in that case bearing in the remotest degree on this question. On the contrary, in this same volume of the Illinois Supreme Court decisions, 303, *Chickering et. al. v. Failes et al.*, the court say: "Where the decree is affirmed, in all its parts, the controversy is at an end. In such a case, the circuit court has no power to allow amendments of the pleadings, or to alter or change the decree. It can only proceed to have it enforced, according to its terms and conditions. Where the decree is reversed, and the cause is remanded with specific directions, the court below has no discretion, but must pursue the mandate of the appellate court. If such instructions were not observed it would be error, for which the second decree would be reversed on appeal." This rule is again recognized in *Wadhams v. Gay*, 83 Ill. 250.

In *Duffitt v. Crozier*, Supreme Court of Kansas, reported in 17 Central Law Journal, 233, it is held that after a reversal, with special mandate to enter judgment, it is the duty of the trial court to obey; but it may hear new and additional facts in the further proceedings; but it is not to be re-tried upon the old facts, nor upon facts which ought to have been, and might have been, presented at the trial. Without following this case to the length indicated by the opinion therein, it seems to me that even the rule there announced would preclude the plaintiff in this case. There is nothing in this record to indicate when the fact of the omission in the sheriff's original return first came to the knowledge of the plaintiff. Nothing to show that he did not know of it at the first trial. It certainly was a fact which he ought to have known, and which he at least might have known by the exercise of ordinary diligence. The validity of this return was the sole question discussed

by counsel on the former appeal. Plaintiff's counsel then knew what the return was, and sought by argument and authority to satisfy this court that the return was in form and sufficient to warrant the judgment of the circuit court. Not until the case was lost in this court, and the mandate was sent down, did it seem to occur to the plaintiff to have the sheriff amend his return. Such proceedings should receive little favor or encouragement from the courts. Such amended returns should be closely scanned by the trial courts before allowing them. Such facts, resting so long *in pais*, in the mere memory of officers, place defendants at a great disadvantage to disprove the truth of such amended statements. And after a cause has been sharply litigated on the first return, and gone to final judgment on the admission of record in the appellate court that it presents the truth, even a court of chancery, on proper petition to reopen the case by vacating the judgment, should scan such action with a distrustful eye.

It is difficult to see when there would be a finality to litigation in such a case as this, if, after the cause has been tried and gone to judgment, on the verity of an officer's return, the unsuccessful party be at liberty, as contended for by appellant's counsel, to come in by motion, likened to the writ of *coram nobis*, against which there is no statute of limitation, as held by our supreme court (*Groner v. Smith*, 49 Mo. 324) and have that return amended and the cause retried on its merits.

The case of *State ex rel. Phelan v. Englemann* (86 Mo. 551), relied on by counsel, is no authority for this proceeding. That was a proceeding by mandamus to compel the lower court to disregard a proceeding by injunction to restrain the operation of a judgment entered by the trial court pursuant to the mandate of the supreme court. The court held that notwithstanding the judgment was thus entered, it stood as any other judgment of the court, which a court of chancery, in the exercise of its most ancient equity jurisdiction, might vacate upon a

showing that the judgment itself had been fraudulently obtained by the successful party.

Even if it were conceded that the mere motion employed in this case could perform the function of a bill in equity, it wholly fails to appear from this record that the motion contained any allegations which would form the basis for a court of equity to set aside a judgment. It avers neither fraud, surprise, nor shows the exercise of the least vigilance or diligence on plaintiff's part on the former trial to discover the fact; nor does it disclose any concealment, artifice or trick of defendant, to prevent earlier discovery of the reputed fact. Courts of equity never encourage laches.

Our conclusion is that the circuit court did not err in obeying the mandate of this court. The other judges concurring, the judgment of the circuit court is affirmed.