ELIZABETH R. McINTYRE, Defendant in Error, v. GEORGE McINTYRE, Plaintiff in Error.

Kansas City Court of Appeals, January 10, 1887.

1. APPELLATE COURTS—REMANDING OF CAUSE—DIRECTION AS TO FURTHER PROCEEDINGS.—When a cause is remanded, by an appellate court, with *directions* as to the further proceedings of the trial court, the case does not present the same phase as if there had been a *simple reversal and remanding*. Where special directions have been given, it is out of the power of the lower court to

open the cause for other purposes; that court is powerless to dc otherwise than is directed by the mandate. *Pomeroy v. Benton* 77 Mo. 64.

ERROR to Holt Circuit Court, HON. HENRY S. KELLEY, Judge.

*Reversed and remanded with directions.*

The case is stated in the opinion.

J. C. FISHER, with DANIEL ZOOK, for the appellant.

I. The circuit court had no jurisdiction under the decision of the Supreme Court to enter any judgment, except to eliminate that part allowing alimony to the wife, and the judgment in this case is absolutely void. *Chouteau v. Allen*, 74 Mo. 56; *Hurck v. Erskine*, 50 Mo. 117; *Shroyer v. Nickel*, 67 Mo. 589; sects. 3776, 3779, Revised Statutes.

II. A court cannot at any subsequent term change its judgment to one which it neither rendered nor intended to render. *Ross v. Ross*, 83 Mo. 100.

No brief for the respondent.

ELLISON, J.—Plaintiff sued defendant in the Holt county circuit court for divorce, alleging cruelty, indignities, etc., and praying for alimony as well as the custody of an infant child. The defendant answered by way of cross-bill. On trial, the decree was given for defendant on his cross-bill, but the court gave judgment for alimony in favor of plaintiff. The defendant took the case to the Supreme Court in order to reverse that part of the decree relating to the alimony allowed plaintiff, contending that, as he had obtained the divorce for the fault of the plaintiff, there was no authority of law for the judgment of alimony against him. In this view he was sustained by the Supreme Court. 80 Mo. 470. That court said, "This writ of error is prosecuted for the purpose of reversing so much of said decree as adjudges

alimony in favor of plaintiff." The opinion proceeds to characterise the decree allowing alimony to the plaintiff, when the divorce was granted for plaintiff's fault, as extraordinary and without the warrant of law. The opinion closed by stating that, "The court, having adjudged the divorce in favor of the defendant, had no jurisdiction to render a decree for alimony in favor of plaintiff. This error is palpable, and may be corrected on writ of error. Accordingly it is ordered that the decree be reversed and the cause remanded, with directions to the court below to enter judgment in accordance with this opinion." Under this state of the case the circuit court entered the following judgment, on which defendant brings the case here by writ of error:

"Now, on this thirteenth day of May, 1885, it being the fifteenth day of the April term of said court, the said cause coming on for hearing on the motion of the plaintiff and for disposition on the mandate of the Supreme Court, and the court having heard the evidence and the decree of this court heretofore rendered, awarding one thousand dollars in gross to plaintiff, having been set aside and reversed by the said Supreme Court; this court now here modifies said former decree, as follows: And it is ordered, adjudged and decreed that said plaintiff have the care and custody of the infant child, Irene Gertrude McIntyre, and it is further ordered and adjudged and decreed, that the defendant pay the clerk of this court the sum of fifty dollars within thirty days, and that he pay the like sum of fifty dollars every six months, during the next five years, viz.: On the thirteenth day of September, and on the thirteenth day of March of each year, for the support, maintenance and education of said child, subject to the order of the court, and until otherwise ordered by the court, and that in default of the payment of said sum or any installment above specified, that execution issue therefor."

This decree is not in conformity to the opinion or mandate of the Supreme Court.

The writ of error from that court was prosecuted to reverse so much of the decree as gave the plaintiff alimony. The effect of that opinion was that .the circuit court should enter up judgment for defendant as at first entered, omitting the alimony. When a cause is remanded with directions as to the further proceedings of the trial court the case does not present the same phase as if there had been a simple reversal and remanding; where special directions have been given, it is out of the power of the lower court to open the cause for other purposes. *Chouteau v. Allen*, 74 Mo. 56. The circuit court is powerless to do otherwise than is directed by the mandate. *Pomeroy v. Benton*, 77 Mo. 64, 80 ; *State ex rel. Dixon v. Givan*, 75 Mo. 516 ; *Connor v. Pope*, 23 Mo. App. 344.

Under the directions from the Supreme Court the circuit court had no authority to enter a judgment against defendant for the maintenance of the child. The judgment will, therefore, be reversed and the cause remanded with directions that the circuit court enter up the judgment as originally rendered, except that portion allowing the plaintiff the sum of one thousand dollars . alimony. All concur.