[No. 4208.]

JOHN ATKISON, *Appellant*, v. DIXON *et al.*

1. **Practice in Supreme Court:** ERROR NOT ASSIGNED IN MOTION FOR NEW TRIAL OR IN ASSIGNMENT OF ERRORS. The supreme court will not pass upon alleged errors of the lower court, which are not made a ground for new trial in the motion for new trial nor assigned as error in the assignment of errors.

2. **Practice, Civil:** JUDGMENT REVERSED BY SUPREME COURT BECOMES A NULLITY. A judgment, when reversed by the supreme court, becomes a nullity and thereafter confers no rights and has no vitality for any purpose.

3. ———: JUDGMENT IN EJECTMENT. A judgment in ejectment, fixing the value of monthly rents and profits, is, as to a person not a party to the suit when the judgment was rendered, *res inter alios acta.*

4. ———: EVIDENCE. Plaintiff sued the defendants in ejectment and obtained judgment. Pending defendants' appeal he was placed in possession under his judgment. Pursuant to the decision of the supreme court he was divested of title and the same vested in defendants, who filed a motion to assess the value of the rents and profits while plaintiff was wrongfully in possession. *Held* that it was not error to refuse to admit in evidence, on the hearing of said motion, an intervening petition filed by a third party, in which said third party claimed the premises in dispute, or the proceedings had on said petition, the plaintiff not being a party to such proceedings and the issues involved therein being still pending.

5. ———: CASE REMANDED FROM SUPREME COURT. The supreme court reversed a judgment and restricted the lower court, on trial anew, to an inquiry as to rents and profits. The trial court followed its directions and the evidence warranting the judgment, the same is affirmed.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

Defendants are estopped by the judgment of the Bates circuit court when this ejectment was first tried and the rents fixed at eight dollars a month; since, though that judgment was reversed, as per 70 Mo. 381, yet Mrs. Dixon was directed to be made a party, and was in pursuance thereof so made, and then had judgment in her favor, without appellant being permitted to litigate with her (see 75 Mo. 516), and as she thus got advantage of the judgment and proceedings, and estopped appellant, she must take that judgment as a whole. And they are bound to take but eight dollars a month for rent and are not to be permitted to prove more. Appellant's answer should have been filed, and his objection to any evidence outside of the record of said judgment should have been sustained. Also his offer to put said judgment in evidence in his defense in this cause, should have been sustained. 2 Story's Eq. sec. 1536; note to *Duchess of Kingston's case*, 2 Smith's L. C. 658; *Lee v. Lindell*, 22 Mo. 202; *Hinds v. Stevens*, 45 Mo. 209; *Henry v. Woods*, 77 Mo. 277; *Crispen v. Hannovan*, 86 Mo. 160; *Pfan v. Breitenburger*, 17 Mo. App. 19.

*R. O. Boggess, T. J. Smith* and *Railey & Burney* for respondents.

(1) The judgment of this court, rendered May 11, 1885, is conclusive upon John Atkison as to every question involved therein, except the rental value of the property in controversy. The case was reversed

with special directions, and only those matters indicated therein were again the subject of investigation. If plaintiff was dissatisfied with the decree of this court, he should have moved for a rehearing, or a modification of the judgment aforesaid. *Chouteau v. Allen*, 74 Mo. 56; *Adair County v. Owenby*, 75 Mo. 282; *Lackland v. Smith*, 75 Mo. 307; *State ex rel. v. Givan*, 75 Mo. 517; *Pomeroy v. Benton*, 77 Mo. 80. (2) When an ordinary judgment in ejectment has been reversed by the appellate court, it becomes a nullity, and has no more vitality than if it had never been rendered. Freeman on Judg. [2 Ed.] sec. 481; *Wood v. Jackson*, 8 Wend. 10; *Smith v. Frankfield*, 13 Hun, 491; *Hall v. Andrews*, 65 N. Y. 572; *Crispen v. Hannovan*, 86 Mo. 167, 168.

NORTON, C. J.—This cause and the proceedings, out of, and connected with it, have been before this court on four different times. It was originally a suit by ejectment against Louis Dixon, as sole defendant, to recover lot 4, block 11, in the town of Butler, Bates county. Among other defenses, the answer set up an outstanding equitable title to the lot in controversy. The cause was tried by the court, and the finding was against the equitable defense, and judgment was entered for the plaintiff, from which defendant Dixon appealed. The judgment was rendered on April 11, 1876, and the appeal was taken without any appeal bond having been given by Dixon. On the hearing of this appeal, the judgment was reversed, the court, in its opinion, sustaining the equitable title and holding that the lot in question belonged to Elizabeth Dixon, the wife of said Louis Dixon, and remanded the cause with directions that she might be made a party, and that when made a party, the court should, by its decree, invest her with the title. The case is reported in 70 Mo. 381. Mrs. Dixon was thereupon, when the cause was redocketed in

the circuit court of Bates county, made a party defend-ant, and on the plaintiff's application, a change of venue was granted and the case was transferred to the Cass county circuit court. After the cause had been so transferred, plaintiff, in the vacation of said Cass county circuit court, paid the costs of said suit, and directed the clerk to dismiss the suit, who made an entry to that effect. When court convened, the Dixons filed their motion asking the court to reinstate the cause on the docket, which was overruled, and thereupon, an original proceeding by *mandamus* was begun in this court to compel the circuit court to proceed with the case, which culminated in the issuance of a peremptory writ, com-manding said court to proceed with the cause and enter up judgment in favor of Mrs. Dixon as directed in the opinion of this court previously rendered. *State ex rel. v Givan*, 75 Mo. 516.

When this mandate was filed in the circuit court, the Dixons filed a motion asking the court to enter a decree divesting the plaintiff of all title to the lot in question, and investing Mrs. Dixon with the title; also to order that she be restored to possession, and also to assess the value of the rents and profits for defendants from 1876 to that time. The circuit court, by its judg-ment rendered on July 24, 1882, sustained said motion in part, by ordering that Dixon be restored to the pos-session of the lot and that a writ issue for that purpose; and by vesting the title to the lot in Mrs. Dixon. So much of the said motion as requested an assessment of the rents and profits was continued to the next term of the court. Pursuant to the judgment on this motion, a writ of execution was issued against John Atkison, which was executed on July 31, 1882, by putting A. Henry, defendant's attorney, in possession.

At the November term, 1882, of said circuit court, plaintiff Atkison filed his motion to quash said execution issued and executed as aforesaid, which was overruled

by the court; and, at the same term, upon an enquiry into the question of rents and profits, as prayed for in the motion filed at the July term and continued as to the matter of rents to said November term, judgment was rendered in favor of said Atkison. Thereupon Atkison appealed to this court from the judgment of the circuit court overruling his motion to quash the execution ; and the Dixons sued out a writ of error from the judgment rendered in favor of Atkison as to rents and profits.

The per curiam opinion, disposing of said appeal and writ of error, is not reported nor published and is as follows : "This case is here now on appeal by John Atkison, because the Cass circuit court complied with the peremptory writ of *mandamus* from this court, and the case is also taken up by writ of error by defendants because the court failed to allow the rents to defendants for the time plaintiff wrongfully held the premises, from March, 1876, to December 19, 1882. The judgment appealed from by Atkison is affirmed on the authority of *Atkison v. Dixon*, 70 Mo. 381, and *State ex rel. v. Givan*, 75 Mo. 516. The judgment on enquiry of damages is reversed, and the cause remanded, and the circuit court directed to ascertain the rental value of the lot in dispute, without regard to buildings thereon, from the date at which John Atkison obtained possession of the same under the judgment of the circuit court until defendants were restored to the possession thereof ; and also ascertain the rental value of any buildings erected upon said lot by said Atkison after the rendition of the judgment by this court in *Atkison v. Dixon*, 70 Mo. *supra ;* and allow and award the rental value of said buildings to Mrs. Dixon from the date of their erection to the date of her restoration to the possession of said lot."

It appears from the record, that the mandate accompanying this opinion, was, on the ninth of July, 1885, filed in the circuit court, and that the enquiry as to rents and profits stood over till the July term, 1886, of said court, at which time Atkison offered to file an answer to

defendant's motion for the amount of rents and profits, to the effect that the question of the value of the rents and profits had been adjudicated in the judgment of the Bates circuit court rendered in 1876; that another action was pending between the Dixons* and R. A. Atkison for the rents from 1878 to 1882, that R. A. Atkison was in possession of said lot from said date claiming the same by paramount title. On defendant's objection the court refused to allow said answer to be filed. The court then proceeded to hear evidence as to the value of the rents and profits from 1876 to 1882, and rendered judgment for said Dixons in the sum of three thousand and thirty-three dollars, from which judgment Atkison has appealed to this court.

The point is made in the brief of counsel that the court erred in not allowing plaintiff to file answer to the motion of Dixons above set forth. The action of the trial court in this respect is not made, in the motion for new trial, a ground for new trial, neither is it assigned for error in the assignment of errors, and need not therefore be considered.

On the trial, plaintiff offered in evidence the judgment rendered by the Bates county circuit court in 1876, in his favor against Louis Dixon, in which the monthly value of the premises in dispute was fixed at eight dollars. This evidence was objected to, the court sustained the objection and refused to receive it, and this action is claimed to be erroneous. The judgment thus offered was reversed by this court in the opinion reported in 70 Mo. *supra*, whereby the same became a nullity, and thereafter conferred no rights, and had no vitality for any purpose. *Crispen v. Hannovan*, 86 Mo. 167-8; Freeman on Judg. sec. 481. At the time said judgment was rendered Mrs. Dixon was not a party to the suit, and, as to her, the judgment was *res inter alios acta*. *Henry v. Woods*, 77 Mo. 277.

Neither was there error in the action of the court in refusing to receive in evidence the intervening petition

filed by R. A. Atkison, and the proceedings on issues thereon, for the reason that John Atkison was not a party thereto, and the issues involved therein were and still are pending, there being at this time an appeal from the judgment rendered thereon, as well as a writ of error therefrom. *Henry v. Woods, supra.*

But one question, as we understand the per curiam opinion *supra*, was left open for investigation between John Atkison and the Dixons, and that was as to the value of the rents and profits of the premises in dispute, and this upon the trial the court ascertained from the evidence, which warranted a judgment for the amount stated in it, as the ground rent of the lot in dispute from 1876 to 1882. The title to Mrs. Dixon to the said lot was established by the opinion of this court rendered in 1879 (70 Mo. *supra*), which necessarily established her right to the rents and profits of it while kept out of possession by plaintiff, and this is all that the judgment accords to her after long and tedious, if not vexatious, litigation, which it was the purpose of the per curiam opinion referred to, to end by restricting the enquiry, as it was in the circuit court, to the value of the rents and profits.

Judgment affirmed in which all concur except RAY, J., absent.