MARY F. STONE, Respondent, v. GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN OF MISSOURI, Appellant.

Kansas City Court of Appeals, February 5, 1906.

1. **APPELLATE PRACTICE: Res Adjudicata: Reversal.** A simple reversal of a judgment without remanding would destroy its effect as an estoppel and throw the whole matter open.

2. **TRIAL PRACTICE: Res Adjudicata: Recovery: Instruction.** Where the defendant pleads *res adjudicata* it admits plaintiff's prima facie case, and failing to establish its plea in bar, the plaintiff is entitled to an instruction directing a verdict.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*F. H. Bacon* and *Grant J. Rogenzweig* for appellant.

(1) Was plaintiff Mary F. Stone bound by the judgment of the circuit court dismissing the petition of her husband, B. D. Stone, for writ of mandamus, which judgment was rendered in obedience to the mandate and opinion of this court, in which it was adjudicated and determined that Stone was duly suspended from membership in defendant order, and had abandoned same

and was not entitled to be restored to membership. In other words, was the judgment in mandamus *res adjudicata* so far as this plaintiff is concerned. (2) Even if, as plaintiff below claimed, the mandamus proceedings did not bar the proceeding, did they have the effect to make a prima facie case in favor of defendant, so that it was error on the part of the lower court to give to the jury the peremptory instruction to find for the plaintiff. The proceedings and opinion of this court in the mandamus suit as reported in State ex rel. v. Grand Lodge, 78 Mo. App. 546.

*E. W. Shannon* and *M. A. Fyke* for respondent.

(1) The judgment of the Court of Appeals was merely a judgment of reversal, and its mandate was to dismiss that proceeding. Such judgment is not *res judicata*. Had B. D. Stone been restored to reason, and had he commenced a new proceeding asking the same relief, the said judgment would not have precluded him, because additional facts might have been proven, giving the case an entirely different aspect. R. S. 1899, sec. 4285; Shaw v. Pershing, 57 Mo. 416; Hewit v. Steele, 136 Mo. 327; Lumber Co. v. Lumber Co., 72 Mo. App. 248.

BROADDUS, P. J.—On September 30, 1892, the defendant, a beneficiary organization, issued to one B. D. Stone a policy of insurance, wherein plaintiff Mary F. Stone was made the beneficiary. On October 7, 1903, said Stone died. This suit was commenced December 23, 1903. The petition is in the usual form on contracts of insurance of the same kind, and alleges performance by the insured with all the conditions of the contract, and that defendant had waived all formal proof of death. The answer sets up several defenses, but, as the defendant only relied on one of them, we are not required to notice the others. The defense relied

on is substantially as follows: That the said D. B. Stone, by his guardian, he being insane, brought a mandamus proceeding in the circuit court of Jackson county, Missouri, on March 8, 1897, to require appellant to reinstate him in defendant company; that said mandamus proceeding resulted in a judgment for a peremptory writ being awarded by said court, which judgment, on appeal, was reversed by the Court of Appeals and the proceeding dismissed.

This trial resulted in a judgment for plaintiff, and defendant appealed. The defendant contends that the judgment of the Kansas City Court of Appeals was *res adjudicata*.

The question turns upon a proper construction of section 4285, Revised Statutes 1898. It is not a new question in this State. In Musser v. Harwood, 23 Mo. App. 495, it was held: "The appellate courts of this State have the power, and have always exercised it, to determine a case before them finally by simply reversing the judgment of the lower court." But that case was expressly overruled by this court in Lumber Co. v. Lumber Co., 72 Mo. App. 248, wherein the court uses the following language: "The simple reversal of a judgment without remanding will destroy its effect as an estoppel and throw the whole matter open." The Supreme Court has also passed on the question. In Atkison v. Dixon, 96 Mo. 582, the court holds that a judgment when reversed by the Supreme Court becomes a nullity and thereafter confers no rights and has no vitality for any purpose." [See also Hewitt v. Steele, 136 Mo. 327.]

The defendant's argument is not applicable to the question. The defendant's sole contention was that the judgment in the mandamus proceedings was *res adjudicata* and therefore a bar to the prosecution of this suit. It assumed the burden of proof on the trial, which was an admission of the plaintiff's prima facie case, and having failed to establish its special plea in bar, the plaintiff

was entitled to have an instruction directing a verdict in her favor.

Affirmed.   All concur.