[No. 10904.    Department One.    December 18, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Marion Smith et al., Plaintiff,* v. THE SUPERIOR COURT FOR COWLITZ COUNTY, *Respondent.*[1]

APPEAL—DECISION—REVERSAL AND REMAND—MANDAMUS TO LOWER COURT. Where, in condemnation proceedings, the judgment awarded to a defendant a sum deposited in court, and upon appeal by the other defendants the judgment was reversed and the cause remanded with directions to enter an order directing payment of the money to the other defendants, the same is a final determination of the merits, and the lower court cannot refuse to enter the order on the ground of want of jurisdiction, and because the money had been withdrawn

[1]Reported in 128 Pac. 648.

by order of court prior to pendency of the appeal; and mandamus will issue to compel the lower court to enter the order as directed.

EMINENT DOMAIN—COMPENSATION—CONFLICTING CLAIMS TO FUND IN COURT—PROCEEDINGS—APPEAL.  Rem. & Bal. Code, § 898, providing that, in the event of conflicting claims to property condemned, the court may direct an action to be brought to determine the same, is not exclusive where the fund had been paid into court; and where all the parties appeared as upon an intervention and there was a trial on the merits, the court had jurisdiction to inquire into all the claims, and having done so, the supreme court on appeal can direct the proper judgment to be entered.

Application filed in the supreme court December 5, 1912, for a writ of mandamus to compel the superior court for Cowlitz county, McKenney, J., to enter a judgment in relators' favor. Granted.

*B. L. Hubbell*, for relators.

*A. L. Miller* and *Chauncey L. Baxter*, for respondent.

CHADWICK, J.—When the case of *Northern Pac. R. Co. v. Smith*, 68 Wash. 269, 122 Pac. 1057, was remanded, application was made to the lower court for a judgment in favor of the appellants in that case, the relators here. The court refused to enter a general judgment, or any judgment other than a judgment for accumulated costs. The material parts of the judgment appealed from follow:

"It is therefore ordered, adjudged and decreed by the court that the defendant Gruber Lumber Company is entitled to twenty-five thousand (25,000) dollars deposited with the clerk of the court, and the same is thereby awarded to it. It is further ordered that the clerk of this court is instructed to deliver the money so deposited to the defendant Gruber Lumber Company. To which the other defendants except and their exceptions allowed."

The "other defendants," so far as our present inquiry is concerned, were the present relators, the heirs of L. P. Smith, deceased. The case was heard and decided by this court upon its merits, and we directed:

"The order appealed from is reversed, and the case is re-manded with instructions to enter an order directing the money to be paid to the heirs of L. P. Smith, deceased."

Relators, as parties to the former suit, have applied to this court for a writ of mandamus commanding the judge of the court below to enter a judgment in their favor.

The answer filed on behalf of the trial judge goes no fur-ther than to deny the allegation that this court directed a judgment. But we understand the real position of the re-spondent to be that, inasmuch as the Gruber Lumber Com-pany has withdrawn the money under the rightful order of the court, prior to the appeal, and because relators were not parties to the original judgment of condemnation, the court is without jurisdiction to enter a judgment, and that relat-ors, therefore, although the prevailing parties, must bring an independent action to recover the amount found to be due them.

"Upon an appeal from a judgment or order  .  .  .  . the supreme court may  .  .  .  direct the proper judg-ment or order to be entered."   Rem. & Bal. Code, § 1737.

It would seem that the court below could not do otherwise than enter a judgment as directed by this court.  Ordi-narily, where a party has claimed the reward of a judgment which is reversed on appeal, a restitution is asked and it is generally allowed.  But it may be that our former opinion will not warrant an order of restitution.  At any rate, re-lators are not asking for it.  But it does warrant, if indeed it does not command, a judgment.  There can be no need or reason for further proceedings.  The real issue between re-lators and the Gruber Lumber Company was the ownership of the fund deposited in court for the claimants in the con-demnation proceeding.  That has been adjudged and the judgment affirmed.  Our order reversing the lower court was a final judgment.  It is only where further proceedings are directed that it is not.

"Where there is a judgment of reversal completely putting an end to the controversy by special directions or instructions, it is, as a general rule, to be regarded as final in the strictest sense of the term." Elliott, Appellate Procedure, § 585.

Our statute is declaratory of the general powers which are inherent in all courts of last resort.

"Where a cause is reversed and remanded by the appellate court, with directions as to the further proceedings of the trial court, 'it is out of the power of the lower court to open the cause and have a new trial.' *Chouteau v. Allen*, 74 Mo. 56. It must, and can only, proceed to carry into execution the mandate of the superior court. *State ex rel. Dixon v. Givan*, 75 Mo. 516. Any other rule would break down all authority of and respect for the appellate courts. As said by Sherwood, J., *supra:* 'This court would frequently be shorn of its lawful and customary authority, if a plaintiff, successful in the lower court, and unsuccessful here, could thus defeat our legitimate demands.'" *Connor v. Pope*, 23 Mo. App. 344.

The test question is, Has the litigation between the parties on the merits of the case terminated? The words of the supreme court of the United States, in *Mower v. Fletcher*, 114 U. S. 127, are singularly apt. In that case a final judgment is described as one which terminates the litigation between the parties on the merits of the case.

"So that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment it had already rendered. *Bostwick v. Brinkerhoff*, 106 U. S. 3, and the numerous cases there cited. The judgments in these cases are of that character. The litigation is ended, and the rights of the parties on the merits have been fully determined. Nothing remains to be done but to require the inferior court to perform the ministerial act of entering the judgments in that court which have been ordered. This is but carrying the judgment of the supreme court which has been rendered into execution. Nothing is left to the judicial discretion of the court below."

Our statute provides that the court may, in the event of conflicting claims to the property, direct that an action be brought, and "the conflicting claims . . . be determined according to law." Rem. & Bal. Code, § 898. But where the fund has been paid into court, we do not understand the procedure there provided is exclusive. The lower court had jurisdiction of the subject-matter and of the parties, all of whom petitioned the court to award the fund. The parties claimant appeared as upon an intervention. The proceeding was in effect a trial upon the merits before the court without a jury. This the parties could consent to, although either of them might have insisted at the time upon an independent action. In other words, the statute does not in any way change the original power of the court to direct conflicting claimants to a fund then under its jurisdiction to litigate the controversy in some formal manner. In *Chicago & N. W. R. Co. v. Garrett*, 239 Ill. 297, 87 N. E. 1009, 130 Am. St. 229, it was insisted that a court in a condemnation proceeding exercised only statutory powers, and had no discretion to inquire into the rights of conflicting claimants except as provided by statute. It was held that the court had jurisdiction to inquire into all claims of interest in the property.

The court having had jurisdiction to try the merits of the controversy and having done so, and there being nothing required of it except to change the form of the judgment previously entered, so that it will recite that relators instead of the Gruber Lumber Company are the owners of the fund, it follows that there is nothing for the court to do except to enter a judgment as directed, so that execution may issue.

The writ will issue.

MOUNT, C. J., GOSE, PARKER, and CROW, JJ., concur.