[No. 13731.   Department One.   June 7, 1917.]

B. L. Hubbell, *Respondent,* v. C. E. Forsyth *et al.,* *Appellants.*[1]

Appeal—Preservation of Grounds—Objections Not Made Below. Appellants having pleaded delivery of a deed and that the title to the property was in the grantee, cannot assert for the first time in their brief on appeal that there was no delivery and that the title was other than as pleaded.

Same—Preservation of Grounds—Waiver of Objection.  Where plaintiff pleaded an assignment from a corporation, the objection that it had not paid its license fee authorizing it to do business is waived if not raised by appropriate plea in the trial court.

Judgment—Bar—Parties Concluded.  A judgment in condemnation proceedings determining the right to the funds arising from the proceedings is conclusive and binding upon the appellants where it appears that they filed two pleadings, termed "petition and answer" and "petition," in which they joined one of the parties in praying that the funds be paid to such party and that certain claims be held to have been adjudicated in prior proceedings, and that the prayer was granted by the lower court and appeal taken.

Appeal from a judgment of the superior court for Cowlitz county, Edward H. Wright, J., entered April 1, 1916, upon findings in favor of the plaintiff, in an action for breach of covenants in a deed, tried to the court.   Affirmed.

*J. N. Pearcy* and *John T. McKee,* for appellants.

*B. L. Hubbell,* for respondent.

Morris, J.—This is the final chapter of the proceedings detailed in *Northern Pac. R. Co. v. Smith,* 68 Wash. 269, 122 Pac. 1057, and *State ex rel. Smith v. Superior Court,* 71 Wash. 354, 128 Pac. 648.   It having been finally determined that the Smiths were entitled to the fund arising out of the condemnation proceedings by the railway company, the Gruber Lumber Company withdrew from the land and subsequently assigned to respondent its claim against Forsyth

[1] Reported in 165 Pac. 481.

for damages because of the failure of the title upon which the lumber company had based its right to the condemnation fund under a warranty deed from Forsyth and wife to the lumber company.

Appellants first contend that the covenant of seizin embraced in the deed to the Gruber Lumber Company is a mistake, and by cross-complaint sought to reform the deed in this respect. There is no evidence upon which this claim can be successfully based. The record is ample in sustaining the refusal of the lower court to so find and in denying reformation.

It is next contended that there was no delivery of the deed, due to the fact that Mrs. Forsyth died between the making and the delivery of the deed. At the time of the execution of the deed, the amount due upon the sale of the land had not been fully paid. It is evident that Mrs. Forsyth executed the deed and delivered it to her husband to be by him delivered to the grantee upon full payment of the land, and upon such payment being made, the deed was delivered. This suggestion of any infirmity in the title of the lumber company is first raised by appellants in their brief on this appeal. In their answer below, they pleaded delivery of the deed to the lumber company, and that, at the time of the commencement of the condemnation proceedings, the lumber company was the owner of the land in fee simple by mesne conveyance. They further pleaded that the final award of the condemnation fund to the Smith heirs was not due to any infirmity in the title of the lumber company. With such a record, appellants will not be heard here to say that there was no delivery of the deed to the lumber company and that the title of the lumber company is other than that alleged in their pleadings. A party upon appeal will not be allowed to submit an issue contrary to that pleaded by him below.

Respondent's rights as assignee of the Gruber Lumber Company are attacked upon the ground that his assignor, the lumber company, had failed to pay its license fee to the

state. The only reference in the record to any nonpayment of license fees due to the state is testimony from one witness that none had been paid since 1912. Respondent having pleaded his assignment from the lumber company, it was incumbent upon appellants, if they desired to question the right of the lumber company to make the assignment because of its failure to pay the license fees subsequent to 1912, to have raised the question by appropriate plea in the trial court. Not having done so, the objection is deemed waived. *Ransom v. Wickstrom & Co.*, 84 Wash. 419, 146 Pac. 1041, L. R. A. 1916A 588.

It is next contended that appellants are not bound by the final judgment establishing the rights of the Smith heirs as against the lumber company. Two pleadings were filed in the condemnation proceedings on behalf of the Forsyths. In the first, called "petition and answer," they joined with the Gruber Lumber Company and prayed that the condemnation fund be paid to the lumber company and that claims of certain other respondents be held to have been adjudicated in prior proceedings. In the second pleading, called "petition," they pleaded alone and prayed the same relief. The prayer of those petitions, in so far as decreeing the rights of the Gruber Lumber Company to the fund, was granted by the lower court. The decree was appealed from to this court, and notice of appeal served upon attorneys who had appeared of record for the Forsyths. These facts, among others that might be mentioned, establish beyond question that the Forsyths were parties, both below and on appeal, to the proceedings in which rights to the condemnation fund were litigated. Being parties, final judgment establishing the rights of the Smith heirs as against the lumber company is conclusive against them.

Other contentions are discussed in the briefs, but we find them without merit.

The judgment is affirmed.

ELLIS, C. J., WEBSTER, MAIN, and CHADWICK, JJ., concur.