### PHELPS vs. HAWKINS.

### Error to the Washington Circuit Court.

A scire facias cannot issue to revive a judgment confessed before the
clerk of the circuit court in February 1820. The clerk, at that pe-
riod, having no power to take confessions of judgment.

*Opinion of the court delivered by Tompkins Judge.*

Austin H. Hawkins sued Phelps in the circuit court in an

action of trover for some horses. To bring the whole matter up before the court Phelps pleaded specially that Daniel Phelps deceased, in his life time, on the ninth day of February in the year 1820, by the acknowledgement and confession of John Hawkins before the clerk of the circuit court of Washington, did recover against the said John Hawkins the sum of three hundred and forty-three dollars and seventy-one cents for his debt &c., afterwards, to wit: on the 22nd day of February in the year 1838, Timothy Phelps administrator of the said Daniel Phelps sued out of the office of the clerk of the circuit court of the said county a writ of scire facias to revive said judgment in the name of said Timothy, and that the same was revived and execution issued thereon in favor of the defendant Timothy Phelps administrator of Daniel Phelps, and that by virtue of this execution the property sued for was executed and sold to the defendant. The plea admits that the property in these horses was acquired by Augustus Hawkins, an infant son of John Hawkins, the father of the plaintiff, while living under his direction and by him sold to the plaintiff in this action. To this plea a demurrer was filed by the plaintiff, and in the issue of law a judgment was rendered for the plaintiff in the action and damages assessed.

To reverse the judgment of the circuit court the writ of error was sued out, and the case brought here.

This judgment, on which the execution issued, was confessed on the 20th Feb'y 1820 and revived by scire facias in 1838 in the name of the present plaintiff in error, who was defendant in the circuit court. In the case of Holmes and Elliott vs. Carr & co. 1st vol. Mo. Dec. pages 56 and 57, this court decided that the confession before the clerk did not amount to a judgment. The court say, that it is competent for the clerk to take the cognovit actionem upon which the circuit court may at the next or any subsequent term enter up a judgment as of the next succeeding term. But until the cognovit or confession be ripened into a complete judgment, an execution issued thereon might well be quashed. The plaintiff in error, however, contends that the revival of the judgments by scire facias is equivalent to a

motion to enter up judgment on notice given to the person who had confessed in conformity with the above cited opinion of this court, not adverting to this circumstance that a scire facias supposes a pre-existing judgment which is intended to be revived, whereas the notice required by the decision of this court to be given when judgment is not entered up at the term next succeeding the confession is preparatory only to ripening that confession into a judgment of the circuit court.

The defendant in that sci. fa. might well contend that the writ of sci. fa. to revive a judgment could not be a notice to shew cause why a judgment should not be entered up on a confession made before the clerk. Such being the opinion of the court, and that opinion too resting on a decision of this court as old almost as the court itself. It is deemed useless to pursue the enquiry as to the merits of the plea any further, indeed it would seem almost extrajudicial to enquire any further into its merits after the claim of the plaintiff in the execution, appellant in this cause, is as it were extinguished. The case of Holmes and Elliott vs. Carr & Co. although the only one in our books that contains a decision on that statute has been the rule of decisions, in the several circuit courts of this state, in more than one hundred cases. In the latter part of the year 1820, the year when this confession was taken, the Legislature passed another act allowing confessions of judgment to be taken by the clerks of the circuit courts in vacation. Judgments confessed under the last act have been decided to be valid. For the reasons above given the judgment of the circuit court is affirmed.

*Frissell for Plaintiff in Error.*

1st. That all the property acquired by an infant by his own labor while living with, and under the care, custody, and control of his father belongs to his father. 2 Kent's Com. 193. Reev's domestic relation 290. Gale vs. Panote 1 N. H. Rep. 28. Bigelow's Digest 553. Benson vs. Rennigton 2 Mass. Rep. 113. Nightingale vs. Withington 14 Mass. Rep. 272. 1 Black. Com. 453.

2nd. That property so acquired and held by an infant is subject to the law relative to voluntary conveyances. If

the father sells it or it be sold by the sheriff to satisfy the debts of the father, the purchaser acquires a good title. 2 Kent's Com. 440, 444.

3rd. That John Hawkins, the father, being insolvent any gift of property to his son while insolvent is fraudulent and void as against creditors. 2 Kent Com. 440-4.

4th. That the sale of property by Augustus Hawkins was of no more validity than a sale by his father would have been; in this matter he must be considered his fathers agent and acting by his directions.

5th. That the executions in the officers hands were a lien upon the property, and this sale must be considered as a fraud upon the plaintiff in execution. Stat. of Mo. 256, sec. 15. Do. do. 259, sec. 43. Acts of 1838-9, 43, sec. 3.

*Scott and Zeigler for Appellee.*

1. That the demurrer was properly sustained, because the plea was double, recitative. argumentative and presented no bar to the plaintiffs action. 3 Black. Com. 308. 1 Chi. pl. 513. 5 Bac. abr. 322. Do. do. 418. Do. do. 443-5. 1 Chi. Pl. 18. 1 do. do. 19. 1 do. do. 523.

2. That it is competent for an infant under 21 years of age to acquire property by his own labor, and hold the same independent of his father or his father's debts. 1 Bla. Com. 453. 2 Kent's Com. 193-4. Bingham on infancy 27 note. 15 Mass. Rep. 272.

3. That it is competent for an infant under 21 years of age to acquire property by the result of his own labor while he lives or resides with his father and to hold the same independent of his father's debts. 1 Blac. Com. 453, 2 Kent's Com. 193-4. Bingham on infancy 27 note 15 Mass. Rep. 272. 4 Mass Rep. 675. Bingham on infancy 6 note 4.

4. That it is competent for an infant under 21 years who resides with his father, with the consent of his father, to acquire property by the result of his own labor and hold the same independent of his father or his debts. Bingham on infancy 27 note. 1 Blac. Com. 453. 15 Mass. Rep. 272. 2 Kent's Com. 193-4.

5. That it is lawful for a father to give permission to his son

under age to work for himself and to retain and keep the proceeds of his labor. 1 Blac. Com. 453. 3 Peck Rep. 201. 2 Kent's Com. 193–4–5 note a. 7 Conn. Rep. 92. 12 Mass. Rep. 375. 6 Conn. Rep. 547.

6. That it is lawful for a father to give permission to his son under age to work for himself, and it is further lawful for such father to employ such son, and compensate him for such, his labor. 1 Blac. Com. 443. 7 Conn. Rep. 92. 2 Kent's Com. 193–4–5 a. 6 Conn. Rep. 547. 12 Mass. Rep. 395. 1 Vermont Rep. 41. 3 Peck Rep. 201. 4 Berry Rep. 487.

7' That it is lawful for a father to make a gift of property to his son under age, and while living with him. 2 Kent's Com. 441, note a. Do. do. 441, note e. Do. do. 441–2, note a, and authorities there cited.

8. That a contract with an infant is binding on the adult and that no person can set it aside or impeach the contract but the infant himself, being a personal privilege to the infant to avoid or affirm such contract. Bingham on infancy 13 in note. Do. do. 1 note 1. 5 John's Rep. 160. 13 Mass. Rep. 250. 14 do do 461. Bingham on infancy 49, 50. 1 Mad. Rep. 25. 2 Strong Rep. 937, 1101. 3 Brew. Rep. 1794. 2 Tenn. Rep. 161. 2 Sand. pl. and evi. 580–1.