Hull *v.* Dowdall.

Meek again appeared before the court below, and filed a new bond and prayed another appeal, which was granted.

*Hall* and *Vories*, for defendant, now moved to dismiss the second appeal, on the ground that only one appeal could be allowed, even within the year; as otherwise the respondent might be harassed by successive appeals, and subjected to great trouble and expense.

*Gardenhire*, for appellant. If an appeal is dismissed, the penalty is the payment of costs. This is sufficient to protect the respondent from oppression. This court must be open to the appellant " one year," and a certain remedy afforded for the injury of which he complains. A dismissed appeal is like a judgment of nonsuit.

————————

HULL, Plaintiff in Error, *vs.* DOWDALL, Defendant in Error.

1. The provision in the new practice, authorizing clerks to enter judgments on the confession of the party, is constitutional.
2. The supreme court will not reverse a judgment overruling a motion to quash an execution upon a judgment by confession, because of an omission by the clerk to endorse the judgment upon the written statement of the defendant; especially, when the endorsement was made *nunc pro tunc* before the motion was overruled.

*Error to Buchanan Court of Common Pleas.*

This was a motion filed by Hull to quash an execution upon a judgment entered by the clerk in vacation in favor of Dowdall against Parker upon confession, and for an order upon the sheriff to apply the money made under the execution, upon a subsequent attachment issued by Hull against Parker.

Hull *v.* Dowdall.

It appeared that Parker filed a written statement in the clerk's office in vacation and authorized judgment to be entered in favor of Dowdall, on the 22d of April, 1854. On the same day, the clerk entered the judgment upon the record, but did not endorse it upon the statement filed. On the 25th of April, an execution was issued upon the judgment, returnable on the 12th of June, which the sheriff levied upon a slave of Parker on the 28th of April. On the 29th of April, an attachment issued against Parker at the suit of Hull, which was also levied upon the slave. The sheriff sold the slave under the execution on the 13th of May, and paid over the amount of the execution to Dowdall on the 16th of May. On the 12th of June, the return day of the execution and attachment, the present motion was filed. On the same day, the clerk, by leave of court, endorsed the judgment confessed by Parker upon the statement filed by him, *nunc pro tunc.* The motion of Hull was then overruled, and he sued out this writ of error.

*Loan,* for plaintiff in error.

*Vories,* for defendant in error.

LEONARD, Judge, delivered the opinion of the court.

The validity of the judgment is contested on two grounds. 1. The unconstitutionality of the provision in the new code of practice, authorizing the clerks of the circuit courts to enter judgments on the confession of a party.

This question was settled thirty years ago, in *Finley & Bryson* v. *Caldwell,* (1 Mo. Rep. 513,) where it was expressly decided that a similar provision in the court act of 1820, (2 Edward's Dig. 686,) was constitutional. This decision has been acted upon ever since, (*Phelps* v. *Hawkins,* 6 Mo. Rep. 198,) and we would not feel at liberty to disturb it, even if we questioned the propriety of the original determination. No such doubt, however, is entertained; but it is enough that it is the doctrine of the court, acquiesced in until it has become a rule of property.

2. The omission of the clerk to endorse the judgment on the

written statement of the defendant, pursuant to the third section of the twenty-second article of the code.

We do not see any reason in our practice for requiring the clerk to enter the judgment " on the records of the court," and also to endorse it on the " statement of the defendant." The legislature, however, have required *both,* and the direction ought to be observed by the officers for whose government it was made. We, however, cannot reverse a judgment for the want of a formality, the omission of which prejudiced no one, and which was supplied by making the required endorsement before the judgment now complained of was given.

The other judges concurring, the judgment is affirmed.