117 547
65a 552

PITKIN *et al.* v. SHACKLETT, *Appellant.*

### Division One, November 6, 1893.

Appeal: MANDATE: RES JUDICATA: TAXES. Where the supreme court remands a case with directions to the trial court to enter judgment in favor of the plaintiff (who failed to recover in ejectment on a tax deed) for his proper proportion of the amount of purchase money paid at the tax sale, and for subsequent taxes and penalties as provided by Wagner's Statutes (p. 1206, sec. 219), the defendant, who omitted on the first trial to question the legality of the taxes, cannot raise the objection on the retrial.

*Appeal from Scotland Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*John D. Smoot* and *Elias Scofield* for appellant.

(1) The assessments under which the sale was made must have been against the record owner or the proceedings would be void. *Abbott v. Lindenbower,* 42 Mo. 162; *Gaines v. Fender,* 82 Mo. 497; *State ex rel. v. Railroad,* 82 Mo. 683; *Hubbard v. Gilpin,* 57 Mo. 441. (2) The fact that the supreme court reversed the case because of the error of the lower court in the rejection of testimony, would not have the effect to preclude the lower court from investigating as to the validity of the

proceedings. *Hamilton v. Marks*, 53 Mo. 167; *Grumly v. Webb*, 48 Mo. 577; *State ex. rel. v. Court of Appeals*, 41 Mo. 574. (3) The proceedings in question, which were against the respondents, the property not being assessed against the record owner nor anyone standing for or representing him, if sustained, would be taking property without due process of law. *Abbott v. Lindenbower*, 42 Mo. 162. (4) The judgment of the court is erroneous upon the face of the record, because, in the proceeding against this defendant, it attempts to charge taxes against the whole of the lands, and orders sale of same when defendant owns only one-fourth interest in thirty acres of the land.

*McKee & Jaynes* for respondents.

MACFARLANE, J.—This is a second appeal in this case. The opinion in the former appeal is reported in the 106 Mo. on page 574. The judgment was then reversed and the cause remanded with directions to the circuit court to enter judgment in favor of plaintiffs for the proper proportion of the amount paid by the purchaser at tax sale for the whole tract, subsequent taxes paid by plaintiff or the purchaser with penalties and interest as provided by section 219, page 1206, 2 Wagner's Statutes. The amount for which the land was sold at tax sale, and the amount of subsequent taxes paid, with dates of payment, appeared in the record. The mandate simply requires a calculation of the penalties and interest, required by the stature to be paid, and the proportion thereof chargeable to this land. The court seems to have literally followed the mandate.

On the trial the defendant made objections to the allowance of the amount of taxes paid subsequent to the tax sale, on the ground of some irregularity in the assessment and levy. The court overruled the objec-

tion for the reason that, under the mandate of the court, these matters were not open to further inquiry. In this the court did not err.   On the former trial the validity of the taxes was not questioned, and their legality was adjudicated under the judgment of this court, and the question could not be reopened.   *Stump v. Hornback,* 109 Mo. 277; *Hickman v. Link,* 116 Mo. 123, and cases cited.   Judgment affirmed.   All the judges concur.