The State *ex rel.* Henry T. Williams *et al.*, Relators, v. Cyrus A. Anthony *et al.*, Respondents.

Kansas City Court of Appeals, March 23, 1896.

1. **Appeals**: EFFECT OF REMANDING CAUSE: RES ADJUDICATA. An order remanding a cause with special directions by an appellate court grants authority and jurisdiction to the lower court to take only such steps as are ordered and are incidentally necessary to carry the mandate into execution. All other matters are *res adjudicata*.

2. ——: ——: ——. This rule, however, is only applicable in cases where the trial court had jurisdiction of the cause.

3. **Definitions**: APPEAL: APPELLATE JURISDICTION. The term, appeal, means the removal of a suit from an inferior to a superior court. Appellate jurisdiction is the power vested in a superior tribunal to review and reverse the action of an inferior tribunal. And, if no appeal is granted by the lower court, the appellate court acquires no jurisdiction.

4. **Appeals**: JURISDICTION: IRREGULARITY. Where the circuit court on an attempted appeal from the probate court fails to acquire jurisdiction, the court of appeals on an appeal from the circuit court acquires none; and its order remanding the cause, and directing the circuit court to dismiss the appeal, has only the effect to order the cause stricken from the docket of the circuit court. Mere irregularity in the appeal, however, will not deprive the circuit court of jurisdiction.

5. ——: SECOND APPEAL. Where an appeal has once been granted, the power over the subject is *functus officio* and can not be exercised a second time.

State ex rel. v. Anthony.

6. ———: CIRCUIT COURT: PROBATE COURT. The circuit court by virtue of its supervisory control has jurisdiction over the action of the probate court in neglecting to grant an appeal from its judgment; and any irregularity in the circuit court's proceeding therein may be reviewed on appeal or error.

7. Prohibition: ORDINARY REMEDIES: JURISDICTION: APPEAL. A writ of prohibition issues only where ordinary remedies are inadequate and proceeds on the ground of an excess of jurisdiction in the lower court, and will never be allowed to usurp the function of an appeal or writ of error.

### *Original Proceeding by Prohibition.*

WRIT DENIED.

*McCullough & Peery* for appellants.

(1)   When a cause is remanded with special directions to the trial court, the mandate operates as a special power of attorney to that court, and it is out of its power to open it up for other purposes; all of its acts in that direction are *coram non judice;* everything not included in the mandate is *res adjudicata. Chouteau v. Allen,* 74 Mo. 56; *State ex rel. v. Givan,* 75 Mo. 516; *Connor v. Pope,* 23 Mo. App. 344; *Pomeroy v. Benton,* 77 Mo. 64–80; *McIntyre v. McIntyre,* 24 Mo. App. 169; *Stump v. Hornback,* 109 Mo. 277; *Hickman v. Link,* 116 Mo. 123; *Pitkin v. Shacklett,* 117 Mo. 549; *Booher v. Frazier,* 99 Mo. 325; 2 Encyclopedia Plead. and Prac., 378–380; Elliott App. Proc., secs. 562, 585; *Durant v. The Essex Co.,* 101 U. S. 555; *In re W. & G. Railroad Co.,* 140 U. S. 91; *Kingsley v. Buckner,* 134 U. S. 650; *Gaines v. Rugg,* 148 U. S. 228. (2)   If parties were permitted, after a final judgment in this court, to go back to the circuit court and there get an amended transcript and bring the case again here at their mere will and pleasure, there would be no final disposition of cases. *State v. Daugherty,* 59 Mo. 104; *State v. Daugherty,* 55 Mo. 69, for first opinion.

(3) "The appellate tribunal decides the law and directs the trial court both as to the law and its application, so that the latter is little more than the passive instrument of the former." Elliott's App. Proc., sec. 564; *Kimberly v. Arms*, 40 Fed. Rep. 548; *Stewart v. Salamon*, 97 U. S. 361; *Humphrey v. Baker*, 103 U. S. 737. (4) A judgment entered by the appellate court, or by the trial court under its directions, can only be reopened and reviewed by permission of the appellate court, which entered or directed the judgment. *State ex rel. v. Givan*, 75 Mo. 516. To the same effect are the following authorities. *State ex rel. v. Supreme Ct.*, 8 Wash. 591; 36 Pac. Rep. 443, and cases cited; *Southard v. Russell*, 16 How. (U. S.) 547; *Kingsbury v. Buckner*, 134 U. S. 650; *Railroad v. Litchfield*, 1 Wall. (U. S.) 69; *Stewart v. Salamon*, 97 U. S. 361; *Kimberly v. Arms*, 40 Fed. Rep. 548. (5) "A judgment dismissing an appeal is final and conclusive as to all matters which might have been adjudicated upon the motion; where overruled it can not be renewed, unless the order denying the motion was expressly without prejudice, or based upon some cause arising since the decision on the first motion." 2 Encyclopedia Plead. and Prac., p. 354; *Railroad v. Levy*, 17 Mo. App. 507. (6) The respondents, in the motion for rehearing in the original cause, having asked this court to take the same action they now pray of the circuit court, and this court having refused their request, and overruled their motion, it is clear that everything stated in their application to the circuit court is, under all the authorities, *res adjudicata*. *Durant v. Storrow*, 101 U. S. 555. (7) There is no statute giving the circuit court authority or power to make a rule on the probate court to grant an appeal. Hence, it can only control the action of that court by mandamus or some of the other recognized, original, and remedial writs. *St. Louis Co. v.*

*Sparks*, 10 Mo. 117; *Bennett v. McCaffery*, 28 Mo. App. 220; *State ex rel. v. Allen*, 92 Mo. 20; *Tetherow v. County Court*, 9 Mo. 118; *Johnson v. County Court*, 20 Mo. 529; *Wood v. County Court*, 28 Mo. 121; *Railroad v. St. Louis*, 92 Mo. 160; *State ex rel. v. Oliver*, 50 Mo. App. 219; *Hall v. County Court*, 27 Mo. 329. (8) Prohibition will lie whenever the trial court is exceeding its powers and jurisdiction in the particular case. *Vitt v. Owens*, 42 Mo. 512; *Howard v. Pierce*, 38 Mo. 298; *Thomas v. Mead*, 36 Mo. 232; *State ex rel. v. County Court*, 41 Mo. 44; *State ex rel. v. Lewis*, 76 Mo. 370; 19 Am. and Eng. Encyclopedia of Law, pp. 268, *et seq.*; *State ex rel. v. Allen*, 45 Mo. App. 551; *State ex rel. v. Walls*, 113 Mo. 42; *State ex rel. v. Ross*, 122 Mo. 435; *Trainor v. Porter*, 45 Mo. 336; *State ex rel. v. Williams*, 48 Ark. 227; *State v. Supreme Court*, 8 Wash. 591; 36 Pac. Rep. 443; *Kirby v. Sup. Ct.*, 68 Cal. 606; *Harriman v. Co. Com'rs*, 53 Me. 83; *Bd. Supervisors v. Gorrell*, 20 Gratt. (Va.) 484. (9) Prohibition is the proper remedy, where the proceeding sought to be prevented is an unwarranted interference with a judgment rendered by the appellate court, and where an inspection of the record discloses that such is the effect of the proceeding, the writ will be granted. *State v. Sup. Ct.*, 8 Wash. 591, and cases cited; Elliott App. Proc., sec. 518; *Kirby v. Sup. Ct.*, 68 Cal. 606; *Harriman v. Co. Com'rs*, 53 Me. 83; *Bd. Supervisors v. Gorrell*, 20 Gratt. (Va.) 484; High Ex. Leg. Rem., secs. 789, 791; 2 Spelling Ex. Relief, secs. 1724, 1725, 1726, 1730; *In re W. & G. Railroad Co.*, 140 U. S. 91; *Gaines v. Caldwell*, 148 U. S. 228.

*Geo. W. Shoemaker* and *Chas. H. S. Goodman* for respondents.

(1) The question of the authority of the circuit court to compel the probate court of Gentry county to

grant an appeal in this cause has never been adjudicated upon by this court, and until that has been done the matter is not *res adjudicata* as to these defendants. The contention of plaintiffs is in effect this: That defendants having asked for an order which this court had no jurisdiction to make, they are precluded from seeking the same relief in any other court or any other manner. The mere statement of this argument is its own refutation, because if a court has no jurisdiction of a given subject-matter then its judgment is void and constitutes no bar to another proceeding. 2 Encyclopedia Plead. and Prac., 240–243; Van Fleet's Former Adjud., p. 95, sec. 12; *Embury v. Conner*, 3 N. Y. 511; Van Fleet's Former Adjud., p. 162, sec. 40, p. 171, sec. 48; *Pence v. Uhl*, 11 Neb. 32, 9 N. W. Rep. 40; *State v. Arthur*, 32 Mo. App. 24. None of the formidable array of authorities cited by plaintiffs are in point, for the reason that in each of the cases cited the appellate court remanded the cause to the trial court with specific directions which constituted a "special power of attorney" which was not followed or obeyed by the lower court. (2) The rule as stated by the almost unanimous concurrence of all the authorities is, that if an issue is necessarily decided in reaching the adjudication made, it is settled. *Groschke v. Barchwheimer*, 15 Mo. App. 353; 1 Van Fleet's Former Adjud., sec. 277, p. 611; *Cromwell v. County of Sac*, 94 U. S. 351. But in order that an adjudication shall have this effect the court must have had the jurisdiction of the subject-matter. *Bank v. Hart*, 83 Mich. 646; *Cissell v. Cissell*, 77 Mo. 371; *State v. Roscoe*, 93 Mo. 146, and cases cited; *Musser v. Harwood*, 23 Mo. App. 495, *loc. cit.* 502, 503. The question of the right of respondents to the rule or order has never been adjudicated upon in any form, and is not, therefore, *res adjudicata*. *Cromwell v. County of Sac*, 94 U. S. 351; *Dawson v. Quillen*, 61 Mo. App.

672. (3) The cause being dismissed solely for the reason that no appeal had been granted by the probate court, remits the parties to their legal rights and the conditions existing prior to the appeal, and unless by lapse of time or otherwise plaintiffs have lost their right of appeal, such right still exists and may yet be exercised. 2 Encyclopedia Plead. and Prac., p. 353; *U. S. v. Gomez*, 23 Howard, 526; *Milwaukee v. Railroad*, 20 Wis. 644. (4) Respondents having filed their affidavit and bond for appeal from the probate court to the circuit court in due time, and the failure to confer jurisdiction on the circuit court by the appeal being caused solely by the neglect of duty of the probate judge, they still have the right to have their appeal granted and brought up by proper procedure. 2 Encyclopedia Plead. and Prac., p. 246. (5) The contention that the probate court or judge thereof can not by rule be compelled to grant appeal, is wholly untenable. *Bensley v. Haeberle*, 20 Mo. App. 648. (6) We insist that the plaintiffs have mistaken their remedy, as they have an adequate one by writ of error or appeal. High on Ex. Leg. Rem., sec. 770, p. 555; *Mastin v. Sloan*, 98 Mo. 252; *State v. Klein*, 116 Mo. 259; *State ex rel. v. Scarritt*, 128 Mo. 331; Elliott App. Procedure, sec. 518, p. 441.

SMITH, P. J.—This is an original application to this court for a writ of prohibition. A succinct history of the case may be stated in this way:

On the thirtieth day of June, 1893, the probate court of Gentry county rendered a judgment in favor of the defendants in the case of *Lizzie D. Patton et al. v. Henry F. Williams, et al.* Afterward and in due time the said plaintiffs endeavored to take an appeal from the said judgment to the circuit court by filing their affidavit and bond for such appeal, and that upon

the filing of said affidavit and bond, the said probate judge announced that an appeal would accordingly be granted.

It appears that afterward, during the vacation of said probate court, the judge thereof in vacation transmitted to the clerk of the circuit court the original papers in the said cause, including the affidavit and bond for the appeal, together with the transcript of the proceedings of the probate court in said cause. It did not appear from the said transcript that the said probate court either during the term of the court, or subsequently during vacation, made any entry of record, or indorsement on said appeal bond, formally approving the same. Nor did it appear from said transcript that said probate judge, either in term time or vacation, made any order granting an appeal in said cause.

There was a trial of said cause in the circuit court, which resulted in judgment for the defendants, from which an appeal was prosecuted by the plaintiffs to this court, where it was ruled by us that as the appeal bond was not approved and no appeal had been granted by the probate court, or the judge thereof in vacation that the circuit court did not acquire jurisdiction of the cause by the appeal, even though the transcript and papers in the case where lodged in the circuit court. 62 Mo. App. 339. We therefore reversed the judgment of the circuit court and remanded the cause, with directions to that court to dismiss the appeal.

Subsequently the circuit court, in obedience to the mandate of this court made an entry of record dismissing the appeal in said cause. Two days thereafter the defendants filed in said court an application stating, among other things, "that this cause was originally tried and determined in the probate court of Gentry county, on the thirtieth day of June, 1893, and that thereafter, to wit, on the fifth day of July, 1893, and

within ten days after the finding and judgment the plaintiffs filed their proper affidavit and bond for an appeal in said cause to the circuit court of Gentry county. That thereafter, to wit, on the fourth day of August, 1893, the said probate court, or the judge thereof in vacation, filed in the office of the clerk of this court what purports to be a transcript of the proceedings of said probate court in said cause, accompanied by the original papers in said cause, but that the said transcript does not recite nor show that the said probate court, or the judge thereof in vacation ever approved the said appeal bond of plaintiffs, nor that any order of record was ever made approving said bond; that said transcript fails to recite or show that the said probate court or the judge thereof in vacation ever granted an appeal in said cause, or that any order of record was made granting an appeal therein, although the judge of said probate court, at the time of filing the affidavit and bond for appeal as hereinbefore stated, verbally announced that an appeal would be granted. Wherefore the plaintiffs pray the court to make a rule and order on said probate court, or the judge thereof in vacation, to grant an appeal to plaintiffs in said cause, and to transmit to the clerk of this court a transcript of his proceedings therein, or to appear on a day to be named in such order and show cause why the same should not be done.''

And thereupon it was ordered by the said court that the judge of the said probate court grant an appeal in said cause or show cause why the same should not be granted, on the first day of the next term of said circuit court.

Afterward, and before the day on which said rule was returnable, upon application of the plaintiffs in said cause, a provisional order was made by one of the judges of this court, to the effect that the said judge of

the Gentry circuit court, the judge of the probate court of Gentry county, and the defendants in said cause, in which the appeal had been dismissed, appear before this court at a day therein stated and show cause, if any they had, why a writ of prohibition should not issue as prayed, etc.

The respondents in due time made their return to the provisional order to which the relators replied.

The principal question thus presented for our decision is whether the circuit court had jurisdiction to order the probate court to grant an appeal in said cause and to order the latter court to transmit to the former a duly certified transcript of the record of the proceedings therein of the latter. If the order made by us directing the circuit court to dismiss the appeal is *res adjudicata*, as relators contend, as to the matters stated in the application of the defendants for the rule in the cause in which the order of dismission was made, then it is clear that the circuit court was without jurisdiction to entertain the application or to award the rule. When a cause has been remanded with special directions, it is out of the power of the court receiving such directions, to open the cause and have a new trial. *Chouteau v. Allen*, 74 Mo. 56; *Shroyer v. Nickell*, 67 Mo. 589; *H'rck v. Erskine*, 50 Mo. 116. The mandate in such case is in the nature of a special power of attorney. By it authority and jurisdiction are granted to the lower court to take such steps as are ordered and such incidental steps as are necessary to carry the mandate into execution. Is has no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment as directed. All other matters become *res adjudicata* and can not be reopened. *Chouteau v. Allen*, 74 Mo. 56; *State ex rel. v. Givan*, 75 Mo. 516; *Connor v. Pope*, 23 Mo. App. 344; *Pomeroy v. Benton*, 77 Mo. 64–80;

*McIntyre v. McIntyre*, 24 Mo. App. 169; *Stump v. Hornback*, 109 Mo. 277; *Hickman v. Link*, 116 Mo. 123; *Pitkin v. Shacklett*, 117 Mo. 547.

But it will be seen by reference to the adjudged cases in this state, the most of which have just been cited, that the rule just adverted to has been applied only in those cases in which the trial court had jurisdiction of the cause. No case has been cited, or found by us, applying the rule where the lower court was without jurisdiction of the cause. It will be seen by reference to our opinion in 62 Mo. App. 339 already referred to, that we there ruled that no appeal had been taken from the judgment of the probate court to the circuit court and that consequently the latter court had acquired no jurisdiction of the cause.

In this connection it may not be out of place to state that the term *appeal*, as used in law matters, means the removal of a suit, whether in law or equity, from an inferior to a superior court. Elliott's App. Procedure, sec. 15. Appellate jurisdiction is the power vested in a superior tribunal (to review and revise the judicial action of an inferior tribunal). If no appeal had been granted by the probate court from its judgment, of course the cause was not removed to the circuit court, and there could be no jurisdiction in the latter court to review and revise the action of the former. The action of the circuit court in giving judgment on the merits of the cause was without its jurisdiction. On appeal from that judgment, it was competent for us, in the exercise of our appellate jurisdiction, to revise the judgment of the circuit court so erroneously given by it. As the circuit court had acquired no jurisdiction of the cause, we, of course, acquired none. Our order directing the dismissal of the appeal was, in effect, an order to the circuit court to strike the cause from its docket. As we had decided there was no

appeal, we could not, .strictly speaking, dismiss an appeal never taken. We perhaps were not as accurate in the use of language in our direction to the circuit court as we should have been.

If the appeal had been irregularly granted, as, for example, there had been no bond or affidavit filed, or if one or the other, or both had been filed, but were defective in some particular, though the appeal granted in such case would be subject to be dismissed in the circuit court, unless the defect is there supplied, yet, notwithstanding this, the circuit court would, in such case, acquire jurisdiction of the cause. If the appeal in the present case had been like that just stated, the order directing it to be dismissed would have been *res adjudicata*, as to any fact or point of law that was or might have been urged in opposition to the making of such order.

It has long been the recognized law of this state, that when *an appeal has been granted*, the power over the subject is *functus officio* and can not be exercised a second time. *Brill v. Meek*, 20 Mo. 359. But in the case we are considering, there was no appeal granted, and for that reason the rule just stated can have no application. To apply this rule to the case would be to deny the defendants in the case their statutory right of appeal. There has not been an appeal granted and until there shall be, the question as to whether a party can have more than one appeal can not arise. How can it be said that the defendants are within the rule forbidding more than one appeal in any cause, when, in fact, so far there has been no appeal granted? There is no case presented of the exercise of the right of appeal the second time and therefore the plaintiffs have no occasion to invoke our interference by the writ of prohibition.

It must be conceded that the circuit court, by virtue of its supervisory control, had jurisdiction over the alleged action of the probate court neglecting to grant the defendants an appeal from its judgment. If the circuit court, in awarding the rule on the judge of the probate court, in respect to the grant of the appeal, adopted an improper or inappropriate proceeding to accomplish the end it had in view, the error, if such it was, is the proper subject of review by us on appeal or writ of error. This, we think, is an indisputable proposition.

The writ of prohibition should issue only in circumstances where the ordinary remedies are inadequate to the ends of justice. Courts will not permit this writ, which proceeds upon the ground of an excess of jurisdiction, to take the place of, or be confounded with, a writ of error, which proceeds upon the ground of an excess of jurisdiction which is conceded. And it matters not whether the court below decides correctly or erroneously, its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of jurisdiction. It is a fundamental principle and one which is to be constantly borne in mind in determining whether an appropriate case is presented for the exercise of this extraordinary jurisdiction, that the writ will never be allowed to usurp the function of an appeal or writ of error. High on Ex. Leg. Rem., secs. 770, 771, 772; *Mastin v. Sloan*, 98 Mo. 252; *State v. Klein*, 116 Mo. 259; *State ex rel. Hoffman v. Scarrit*, 128 Mo. 331.

It necessarily follows from the forgoing considerations, that the writ must be denied.