LEVY et al. v. DUNKEN REALTY CO. *
(No. 5488.)

(Court of Civil Appeals of Texas. Austin. Oct. 20, 1915.)

1. BROKERS ⊙⟺82—ACTIONS FOR COMMISSIONS —COMPLAINT—ALLEGATIONS AS TO ABILITY AND WILLINGNESS.

In a broker's action for commissions for procuring a contract for the exchange of lands between defendants and C., which provided that if either party failed to perform, such party should forfeit and pay to the other party a specified sum as liquidated damages, an allegation that C. was at all times ready, able, and willing to carry out the contract and take defendants' property upon the terms agreed upon, as evidenced by such contract, was more than an allegation that he was ready, able, and willing to take the property or pay the stipulated penalty, and was a specific and distinct allegation of his ability and willingness to exchange the property upon the terms agreed upon.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. ⊙⟺82.]

2. TRIAL ⊙⟺343 — VERDICT — CONSTRUCTION AND OPERATION.

In a broker's action for commissions, where the testimony on an issue as to plaintiff's breach of a contract to procure a loan for defendants with which to clear up an incumbrance was conflicting, and such issue was submitted to the jury, a verdict for plaintiff necessarily decided it against defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. ⊙⟺343.]

3. BROKERS ⊙⟺61—RIGHT TO COMMISSIONS— FAILURE OF NEGOTIATIONS.

Though brokers with whom defendants listed property for sale or exchange, and who had knowledge of the existence of incumbrances on the property, could not themselves have made a contract binding defendants to sell or exchange their property otherwise than subject to the incumbrances, where defendants made a contract to exchange lands with a party procured by the brokers which bound them to remove such incumbrances, the brokers were entitled to their compensation, notwithstanding their knowledge of the incumbrances, and though defendants' failure to comply with the contract resulted from their failure to remove such incumbrances.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93; Dec. Dig. ⊙⟺61.]

4. BROKERS ⊙⟺82—ACTIONS FOR COMMISSIONS —COMPLAINT—ALLEGATIONS AS TO ABILITY AND WILLINGNESS.

In a broker's action for commissions for procuring a contract for the exchange of lands between defendants and C., plaintiff's allegation that C. was ready, able, and willing to carry out the contract was equivalent to an allegation that he had title to the property he contracted to exchange, especially where it otherwise appeared that the failure to carry out the contract was due to defendants' failure to remove incumbrances from their property.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. ⊙⟺82.]

5. PLEADING ⊙⟺129—FAILURE TO DENY—ADMISSIONS—ACTIONS FOR COMMISSIONS—EVIDENCE.

Where, in a broker's action for commissions for procuring a contract for the exchange of lands between defendants and C., defendants' answer alleged that the trade was not consummated because of incumbrances on their property, and that by reason of their failure to remove such incumbrances, they became liable to C. for liquidated damages, their brief on appeal

⊙⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

stated that the trade was not consummated because of such incumbrances, and one of the defendants testified that he paid C. $2,500 on account of their liability under the contract, it sufficiently appeared that C. did not break the contract, especially where the petition alleged that C. was at all times ready, able, and willing to carry out the contract, and the statute then in force required parties to swear to their pleadings, and provided that the failure of the opposite party to deny under oath a fact thus pleaded should operate as an admission of the truth of such fact, and defendants did not deny the allegation in question.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. ☞129.]

6. PLEADING ☞290 — EVIDENCE ADMISSIBLE UNDER PLEADINGS.

Where defendants did not deny under oath the truth of an allegation in the petition that plaintiffs were partners, as they were required to do by the statute then in force in order to make it an issue, evidence that they were not partners was properly excluded.

[Ed. Note.—For other cases, see Pleading, Cent.Dig. §§ 859–863, 886½; Dec.Dig. ☞290.]

7. TRIAL ☞329 — VERDICT — SUFFICIENCY — FAILURE TO DISPOSE OF ISSUES.

Where, in a broker's action for commissions for procuring a contract for the exchange of lands which defendants failed to perform, defendants pleaded as a defense plaintiffs' breach of a contract to procure a loan to enable them to clear up an incumbrance on the land, and this issue was submitted to the jury by a charge requiring a verdict for defendants if such issue was decided in their favor, a general verdict for plaintiffs for a specified sum, disposed of defendants' cross-action for expenses claimed to have been incurred by reason of plaintiffs' alleged breach of contract, and judgment was properly rendered against defendants on such cross-action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. ☞329.]

8. PLEADING ☞406—WAIVER OF ERRORS.

Where, in a broker's action for commissions, though the allegation of the petition charging defendants with fault was general, and did not specify in what particular they had breached their contract, it was not excepted to for that reason, it had its standing in court as a plea fixing responsibility upon defendants for their failure to consummate the deal.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. ☞406.]

9. TRIAL ☞251—INSTRUCTIONS—CONFORMITY TO ISSUES—ACTIONS· FOR COMMISSIONS.

Where, in a broker's action for commissions for procuring a contract for the exchange of lands which defendants failed to perform, the supplemental petition alleged that the other party to the contract was at all times ready, able, and willing to carry out the contract, and that if the contract was not carried out by defendants, it was the fault of defendants themselves, an objection to a special charge on the ground that the pleadings raised no issue as to whether it was defendants' fault that the contract was not performed was not well founded.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. ☞251.]

10. APPEAL AND ERROR ☞835—OBJECTIONS TO INSTRUCTIONS—WAIVER.

Objections to a paragraph of the court's main charge and to a special charge, contained in a motion for a rehearing, were waived, where in appellants' brief no complaint was made of such paragraph of the charge and a different objection was made to the special charge in question.·

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3241–3243; Dec. Dig. ☞835.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

On motion for rehearing. Motion overruled.

For former opinion, see 178 S. W. 984.

Gross & Street and W. L. Eason, all of Waco, for appellants. J. A. Stanford, of Waco, for appellee.

KEY, C. J. Appellants have presented an elaborate motion for rehearing, which has been duly considered and the conclusion reached that it should be overruled. In that motion, among other things, it is said:

"We earnestly insist that the court give to this case that mature consideration which it deserves, as we feel, as is shown by its opinion in this case, that you have not heretofore given much consideration to it."

Assuming that the statement quoted was made in good faith, and conceding the right to so make it, we have concluded to write this additional opinion, in order that it may be seen that the case has received due consideration at the hands of this court. If the charge that this court had not given sufficient consideration to the case is based upon the fact that we did not, in our original opinion, discuss all the questions presented in appellants' brief, then every appellate court in this state, and perhaps in all others, is subject to the same criticism, as that course is pursued in a majority of cases decided by all other appellate courts; and any other course would be impracticable if the business of such courts is to be disposed of with any reasonable degree of dispatch.

On the last page of the brief upon which appellants submitted the case to this court it is stated that, while some minor questions are presented, yet the real questions involved in the appeal are only three, viz.:

First. "That appellees predicate their right to recover on the theory that they procured the execution of the contract in suit, which contract is not capable of specific performance in a court of equity, and therefore they did not earn a commission when they procured its execution. It was incumbent on them to show that Crowley was ready, able, and willing to exchange properties with the Levys, and this they have failed to do. They allege that Crowley was ready, able, and willing to carry out his contract, that is to say, he had the right to demand the forfeit." Second. "Appellees knew of the incumbrances on appellants' property when the same was listed, and the trade in question was not consummated because of these incumbrances. It is well settled that a real estate broker cannot recover a commission from his customer where a trade is not consummated by reason of defects known to the broker at the time he accepts the listing." Third. "Appellees failed to show that Crowley had a good title to the Tarrant county land, and for that reason the contract in question was not capable of specific enforcement in a court of equity, and therefore

the real estate broker is not entitled to his commission. A party must prove his case before he can recover."

[1] When the record is examined, even conceding that appellants' contention that the contract between them and Crowley was not capable of enforcement by suit for specific performance is correct, still, the three questions enumerated in appellants' brief are not difficult of solution, and therefore do not require any very extended consideration. As to the first of these questions, the answer to appellants' contention is that appellees not only alleged in their original petition that Crowley was ready, able, and willing to carry out his contract, but in their supplemental petition they alleged—

"that the said A. F. Crowley was at all times ready, able, and willing to carry out said contract and to take defendants' property upon the terms agreed upon as evidenced by said written contract as set out in plaintiffs' amended petition, and if said contract was not carried out by the defendants, then it was the fault of the defendants themselves, for which these plaintiffs are in no way responsible."

The allegation that Crowley was at all times ready, able, and willing to carry out the contract and take appellants' property upon the terms agreed upon was more than an allegation that he was ready, able, and willing to take appellants' property or pay the penalty stipulated in the contract. It was a specific and distinct allegation of his ability and willingness to exchange property with appellants upon the terms agreed upon in the written contract.

[2, 3] The answer to appellants' second contention is that appellees brought Crowley and appellants together, and they entered into a written contract, by the terms of which appellants obligated themselves to remove the incumbrances referred to; and, such being the case, appellees were entitled to compensation for their services as brokers, unless they were in fault in procuring appellants to make the contract, or unless they made and breached the contract pleaded by appellants in the eighth and ninth paragraphs of their amended answer, which read as follows:

"(8) These defendants further represent that it was expressly understood and agreed between plaintiff herein and these defendants that said loan should be negotiated against said Wise county land, and that in case same was not negotiated, and for that reason exchange of properties should not be consummated by actual delivery of deeds, then in that event defendants should not be liable to plaintiff for any commission whatsoever, but in case said loan should be negotiated, and said exchange of properties finally consummated by the passing of deeds, then in that event it was understood and agreed that these defendants should pay plaintiff the sum of $1,000. These defendants further represent that they entered into the contract with A. F. Crowley upon the faith which they had in the representations and guaranty of plaintiff herein that he would negotiate a loan against said land sufficient to clear the incumbrance which was against these defendants' property in Waco, Tex.

"(9) These defendants further represent that after the execution of said contract with the said A. F. Crowley plaintiff and these defendants undertook to procure a loan against said land in Wise county, as hereinbefore described, but that in this their efforts were futile; that by reason of their inability to procure such loan the agreement between these defendants and A. F. Crowley was not finally consummated. Wherefore these defendants say that by reason of the foregoing they never became liable or bound to pay plaintiff any sum whatsoever."

Appellees denied under oath that such contract was made. The issues so made and upon which the testimony was conflicting were submitted by the court to the jury and the verdict for appellees necessarily decided these issues against appellants. The result of the verdict is that the agreement pleaded by appellants as a defense was never made; and, in the absence of such an agreement, if appellants listed their property with appellees for sale or exchange (which appellees charged in their petition and appellants admitted in their answer) then, if they brought the parties together, although appellees may not have been authorized to bind appellants to remove the incumbrances upon their property, yet if appellants themselves entered into a contract with Crowley by which they bound themselves to do so, appellees had the right to recover their compensation as brokers, although they knew the existence of the incumbrances when the property was listed with them, and although the failure of appellants to comply with their contract with Crowley resulted from their failure to remove the incumbrances referred to. Hamburger & Dreyling v. Thomas, 118 S. W. 770. We quote as follows from the opinion in that case, including the authorities there cited:

"The rule seems to be well settled that where a real estate broker has contracted for a certain compensation for procuring a customer to purchase on certain terms and conditions, and he procures a purchaser who agrees to purchase under modified terms and conditions differing from those the agent was authorized by his principal to make, and such terms, as modified, are agreed to by the owner of the property by his entering into a written contract of sale, embodying the modified terms and conditions, with the purchaser, the broker is entitled to his compensation as stipulated in his contract of agency, if through the failure of his principal to comply with the terms and conditions he has undertaken on his part to perform and comply with the contract of sale is not consummated. Graves v. Bains, 78 Tex. 94, 14 S. W. 256; Conkling v. Krakauer, 70 Tex. 739, 11 S. W. 117; Hahl v. Wickes, 44 Tex. Civ. App. 76, 97 S. W. 838; McDonald v. Cabiness (Tex. Civ. App.) 98 S. W. 943; Id., 100 Tex. 615, 102 S. W. 721; West v. Thompson [48 Tex. Civ. App. 362], 106 S. W. 1134; Stewart v. Mather, 32 Wis. 344; Gilder v. Davis, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398; Lockwood v. Halsey, 41 Kan. 166, 21 Pac. 98; Gelatt v. Ridge, 117 Mo. 553, 23 S. W. 884, 38 Am. St. Rep. 683; Smith v. Schiele, 93 Cal. 144, 28 Pac. 857."

So it seems quite clear that, although appellees, having knowledge of the existence of the incumbrances, could not themselves have made a contract binding appellants to sell or exchange their property otherwise than subject to the incumbrances, yet when ap-

pellants made a contract binding themselves to remove the incumbrances, appellees were entitled to their compensation as brokers, unless their right thereto was defeated by the matters pleaded in appellants' answer.

[4, 5] Appellants' third proposition is answered by citing the fact that at the time this case was tried the statute was in force which required parties to swear to their pleadings, and provided that the failure of the opposite party to deny under oath a fact thus pleaded should operate as an admission of the truth of such fact. As shown by the quotation from appellees' supplemental petition, they alleged that Crowley was at all times ready, able, and willing to carry out the contract by taking appellants' property, and appellants did not, by any pleading, sworn to or otherwise, deny the allegation so made in appellees' supplemental petition. Crowley could not have been able to carry out his contract and convey to appellants a good title to his property unless he had such title, and therefore the averment that he was able to convey such title was equivalent to saying that he had such title. Besides, it is averred in appellants' answer that the trade in question was not consummated because of the incumbrances upon their property, and that by reason of their failure to remove such incumbrances they became liable to Crowley for $2,500, the damages stipulated in the contract between them; and it is also stated in appellants' brief that the trade was not consummated because of the incumbrances referred to; and it is shown by the testimony of appellant Ike Levy that he paid Crowley $2,500 on account of such liability under the contract. What has been said in reference to this matter relates to appellants' contention, made elsewhere in their brief and also in the motion for rehearing, that appellees were not entitled to recover because they failed to prove that Crowley had submitted to appellants an abstract, showing that he had title to his property, within the time required by the contract. Appellants' statement in their answer that on account of their failure to remove the incumbrances from their property they thereby breached their contract with Crowley and became liable to him for $2,500, and the testimony given by one of them that they paid Crowley that sum because of such liability, and the admission in appellants' brief that the trade in question was not consummated because of such incumbrances, is sufficient to satisfy this court that Crowley did not breach the contract, and was ready, able, and willing to carry it out by conveying to appellants the property he contracted to convey.

[6] This covers all the questions presented in appellants' brief except the minor question, hereafter adverted to. It is contended that error was committed in not permitting appellants to prove that appellees were not partners, as alleged in their petition. Ap-

pellants did not deny under oath the truth of that allegation, as they were required to do by statute in order to make it an issue, and therefore we overrule their contention in that regard.

[7] Error is also assigned upon the action of the court in rendering judgment against appellants upon a cross-action which they set up against appellees; the contention being that the cross-action was not disposed of by the verdict. The verdict was a general finding for the plaintiffs for a specified sum of money, no reference being made therein to appellants' cross-action; but the cross-action was founded upon the facts pleaded in defendants' answer as a defense. In other words, it was alleged that by reason of appellees' failure to comply with their agreement to procure a loan for them, appellants were entitled to recover from appellees $25 which they had paid an attorney to examine the title to the Crowley property, $100 paid to the same attorney for going to Ft. Worth and endeavoring to induce Crowley to release appellants from their obligation to pay the $2,500 penalty, and another sum of money which constituted the expense of shipping cattle to Ft. Worth to discharge appellants' indebtedness to Crowley. Thus it appears that appellants sought to predicate appellees' liability upon the fact that they had breached their contract to secure a loan for appellants; and, as that issue was submitted to the jury and decided against appellants under a charge requiring a verdict for them if decided in their favor, it necessarily follows that the verdict of the jury does in fact dispose of the cross-action.

[8] Before closing this opinion we deem it proper to call attention to the fact that, while in their first assignment of error appellants complain of the action of the trial court in overruling a special exception to the plaintiffs' petition, the record does not show that the exception referred to was ruled upon or called to the attention of that court. In so far as the record shows, appellants either concluded to abandon that exception or negligently failed to call it to the attention of the court and have it ruled upon. At any rate, the record does not sustain that assignment. However, the exception in question should not have been sustained. It asserted that inasmuch as appellees' petition showed upon its face that appellants had entered into a contract with Crowley which would not support an action for specific performance, appellees were not entitled to recover compensation for the services rendered by them in regard to the matter. Appellees alleged that the failure to consummate the deal was caused by the fault of appellants; and, if such was the case, and the other necessary facts were shown, then appellees were entitled to recover as brokers, even though the contract may not have been such as would have supported a suit for specific per-

formance—a point upon which we express no opinion. It is true that the plea charging appellants with fault was general, and did not specify in what particular appellants had breached their contract, but it was not excepted to for that reason, and therefore it had its standing in court as a plea fixing responsibility upon appellants for the failure to consummate the deal between them and Crowley.

[9, 10] Also attention is called to the fact that nearly nine pages of appellants' motion for rehearing are devoted to complaints urged against a certain paragraph of the court's charge and a special charge given at the request of appellees, submitting to the jury the issues of fact involved in the case. In appellants' brief no complaint was made of that paragraph of the court's charge, but the special charge referred to was assigned as error, the sole objection being, as shown by the only proposition submitted under that assignment, that the pleadings did not raise any issue as to whether or not it was appellants' fault that the properties were not exchanged, and therefore that issue should not have been submitted to the jury. What we have already said refutes that contention. We have already quoted from appellees' supplemental petition the allegation that if the deal between appellants and Crowley was not consummated, it was on account of appellants' fault, which pleading renders it apparent that that complaint in appellants' brief against the action of the court in giving appellees' special charge No. 2 was not well founded. However, in appellants' motion for rehearing five other objections are urged against the action of the court in giving that charge, and the charge given by the court, upon which no error was assigned. Those objections do not disclose fundamental error; and, if they indicate such error as might have required a reversal of the case if presented in time, they must now be considered as waived on account of the failure of appellants to present them in the time and manner required by law. However, it is proper to say that the controlling questions as to the merits of the case as summarized on the last page of appellants' brief were presented by other assignments complaining of the action of the court in refusing to instruct a verdict for appellants, and in refusing to give certain other requested instructions. At the original hearing those questions, as well as all others presented in appellants' brief, received all the consideration at the hands of this court that was deemed necessary for their proper decision; and a reconsideration of them in the light of appellants' motion for rehearing, in-stead of producing any doubt upon the subject, has confirmed the belief that our former decision was correct, and therefore the motion for rehearing is overruled.

Motion overruled.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes