CROSS, Judge.
Appellant-plaintiff, Financial Business Services, Inc., appeals a summary final judgment entered in favor of the appellee-defendant, Fred L. Schmitt, in an action for a broker’s commission. We reverse.
Mr. Schmitt owns a number of butcher shops which he listed for sale with Financial Business Services (FBS). FBS obtained a buyer at terms acceptable to Mr. Schmitt and a purchase agreement was signed by Schmitt and the buyer. The transaction, however, was not consummated because the landlord of two of the butcher shops would not consent to a transfer of the leases to the prospective purchaser in the absence of additional consideration which Schmitt refused to pay. FBS made demand upon Schmitt for its broker’s commission, Schmitt refused to pay the commission and suit was filed. The complaint alleged that FBS had procured a purchaser ready, willing and able to purchase and that a commission was owing.
Schmitt answered and alleged as an affirmative defense that the broker had knowledge that the butcher shop leases required the consent of Schmitt’s landlord, and that the purchase contract was contingent upon the assignment of the leases. Both parties moved for summary judgment and submitted depositions and affidavits to the court. The trial court granted summary judgment against the plaintiff, and this appeal followed.
The primary thrust of this appeal is whether, assuming that the broker had knowledge of a defect in his principal’s ti.tle, the broker is entitled to his commission.
A broker who procures a purchaser ready, willing and able to buy except for the fact that the seller’s title is defective, is not entitled to a commission where the broker accepted the employment with knowledge of the defects in his principal’s title. In other words, the broker takes the contract to procure a purchaser who is ready, willing and able to buy what the broker’s principal has to sell, and if the broker knows that the principal has a title which the purchaser will not accept, then he has not procured a purchaser in accordance with the terms of his agreement, and accordingly, has not earned his commission. Zide v. Zenchenko, 101 So.2d 64 (Fla.App.1958); Best v. Kelly, 22 Wash.2d 257, 155 P.2d 794 (1945); Brownell v. Hanson, 109 Wash. 447, 186 P. 873 (1920); *538 Annot., 169 A.L.R. 617 (1947); Annot., 156 A.L.R. 1398 (1945).
A lessee who wants to assign a lease which contains a clause prohibiting assignment without the consent of the landlord, has a “defective title” in that he has no right to assign the lease in the absence of the landlord’s consent. Therefore, in the absence of consent, he has nothing to assign. Best v. Kelly, supra; Brownell v. Hanson, supra; Merritt v. Lillyblade, 57 Wash. 159, 106 P. 621 (1910). In the case sub judice, while we have not been favored with a copy of the lease, it is clear from the briefs and oral argument of counsel for the respective parties that the lease did contain a clause prohibiting assignment of the lease without the consent of the landlord. Therefore, had the broker known at the time of his employment that the lease contained the clause prohibiting assignment in the absence of the landlord’s consent, he would be barred from recovery unless the case falls within an exception to this rule.
One exception is that the broker is entitled to his commission notwithstanding his actual knowledge of a defect in his principal’s title if it was understood between the broker and his principal that the latter should perfect his title in order to perform. Annot., 156 A.L.R. 1398, 1400 (1945). This exception is not applicable to the case at bar.
Another exception is that the broker is entitled to his commission, although he had actual knowledge of a defect in his principal’s title at the time of his employment where the seller and the buyer entered into a purchase agreement between themselves, and the seller agrees in the contract to remove or cure the defect. Levy v. Dunken Realty Co., 179 S.W. 679 (Tex.Civ.App.1915).
In the instant case the buyer and seller entered into a purchase agreement, paragraph ten of which states, “Seller shall obtain appropriate consents to the transfer of the leases at all locations prior to closing.” By this clause the seller has agreed to remove the defect (the landlord’s non-consent). Therefore, the broker is entitled to his commission notwithstanding the fact that the seller failed to remove the defect.
Accordingly, the judgment appealed is reversed, the trial court is directed to enter summary final judgment against the defendant, and the cause is remanded for such further proceedings as may be required consistent with the views expressed herein.
Reversed and remanded, with directions.
REED, C. J., and WALDEN, J., concur.